

# Your Missouri Courts

.net

Search for Cases by: [ Select Search Method... ▾ ]

Judicial Links | eFiling | Help | Contact Us | Print               GrantedPublicAccess Logoff NICHOLECALDWELL

**20CT-CC00211 - KEITH TRIPP V CHRISTIAN COUNTY MISSOURI ET AL (E-CASE)**

| Case FV able Matters | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending      Display Options: [ All Entries ▾ ]

---

**04/28/2022**  ☐ **Hearing Held**

Parties appear through counsel on Plaintiff's Motion for Leave to File Amended Petition filed April 25, 2022, which adds Counts VI, VII and VIII against Christian County. Counts VI and VII are claims for false imprisonment against Defendant Christian County and other defendants. Count VIII is a claim against Christian County for violation of civil rights. Plaintiff also filed an Alternative Motion for Leave to File Amended Petition on April 27, 2022, with an amended petition attached that omits allegations against Christian County except in Count VIII. Previously, the Court entered summary judgment in favor of Defendant Christian County on Plaintiff's claims for false imprisonment in Counts I and II. Based on its reasoning in the Order dated September 1, 2021 sustaining Defendant Christian County's Motion for Summary Judgment on Counts I and II due to sovereign immunity, the Court finds that Plaintiff's attempt to bring additional false imprisonment claims against Defendant Christian County in Counts VI and VII would be barred by sovereign immunity and therefore denies Plaintiff's Motion for Leave to File Amended Petition filed April 25, 2022. Defendant Christian County does not object to Plaintiff's Alternative Motion for Leave to File Amended Petition, adding only Count VIII against Christian County, so the Court sustains that Motion. The Amended Petition attached to Plaintiff's Alternative Motion for Leave to File Amended Petition filed April 27, 2022 is deemed filed as of today. Defendants have 20 days to answer. /s/ Laura Johnson
    **Scheduled For:** 04/28/2022; 9:00 AM ; LAURA J JOHNSON; Christian County Cir Ct Bldg

**04/27/2022**  ☐ **Motion for Leave**

Alternative Motion for Leave to File Amended Petition; Exh 1-A - Amended Petition; Electronic Filing Certificate of Service.
    **Filed By:** C BRANDON STAFFORD
    **On Behalf Of:** KEITH TRIPP

☐ **Judge/Clerk - Note**

For cases in Division 1 and Division 2 of the 38th Circuit, the Court has completed the pilot program in which counsel in certain matters have been required to appear remotely using the Virtual Hearing Link on Case.net. Attorneys and parties may still opt to appear remotely in civil and criminal matters using the Virtual Hearing Link on Case.net by advising via email opposing counsel and Division 1 (cindy.childress@courts.mo.gov for civil; jennifer.taylor@courts.mo.gov for criminal) or Division 2 (jami.mcmurry@courts.mo.gov for all cases) or by filing a Notice of Hearing stating the intent to appear remotely. Counsel and parties may appear in person without providing prior notice to the Court. The Court has discretion to require all counsel and parties to appear either in person or remotely. If the Court has not received notice of a remote appearance, the Court will presume all participants are appearing in person. jrt

☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** NICOLE CALDWELL
    **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI, DAVID LOE, RICK HILL, TREVOR GUINN

EXHIBIT 2

**04/26/2022**  ☐ Suggestions in Opposition

Christian Countys SIO to Plaintiffs April 25, 2022, Motion for Leave to File Amended Petition; Electronic Filing Certificate of Service.
     **Filed By:** DAVID STEPHEN BAKER
     **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI

**04/25/2022**  ☐ Motion Hearing Scheduled

     **Associated Entries:** 04/28/2022 - Hearing Held
     **Scheduled For:** 04/28/2022;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

     ☐ Notice of Hearing Filed

Notice of Hearing; Electronic Filing Certificate of Service.
     **Filed By:** C BRANDON STAFFORD
     **On Behalf Of:** KEITH TRIPP

     ☐ Motion for Leave

Motion for Leave to File Amended Petition; Exh 1- Amended Petition; Electronic Filing Certificate of Service.
     **Filed By:** C BRANDON STAFFORD

     ☐ Suggestions in Opposition

Christian Countys SIO to Ps Motion for Leave to File Amended Petition; Electronic Filing Certificate of Service.
     **Filed By:** DAVID STEPHEN BAKER
     **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI

**02/09/2022**  ☐ Notice

Notice of Change of Firm Name; Electronic Filing Certificate of Service.
     **Filed By:** CHRISTOPHER LEE HEIGELE
     **On Behalf Of:** DARREN WHISNANT

**09/01/2021**  ☐ Order

AMENDED ORDER

**08/31/2021**  ☐ Order

**08/30/2021**  ☐ Hearing Held

Parties appear through counsel. Argument is heard on Defendant Christian County's Motion for Summary Judgment on Counts I and II of Plaintiff's Petition. The Court takes the matter under advisement. /s/ Laura Johnson
     **Scheduled For:** 08/30/2021;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

**08/06/2021**  ☐ Civil Motion Hearing Scheduled

     **Associated Entries:** 08/30/2021 - Hearing Held
     **Scheduled For:** 08/30/2021;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

**Notice of Hearing Filed**

Notice of Hearing; Electronic Filing Certificate of Service.
   **Filed By:** DAVID STEPHEN BAKER
   **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI

07/09/2021    **Reply**

Reply Suggestions in Support of Christian Countys Motion for Summary Judgment; Electronic Filing
Certificate of Service.
   **Filed By:** DAVID STEPHEN BAKER
   **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI

07/01/2021    **Summons Personally Served**

Document ID - 20-SMCC-444; Served To - CITY OF CLEVER; Server - ; Served Date - 01-JUL-21;
Served Time - 00:00:00; Service Type - Other; Reason Description - Served

**Summons Personally Served**

Document ID - 20-SMCC-449; Served To - MINNIS, MARTIN; Server - ; Served Date - 01-JUL-21;
Served Time - 00:00:00; Service Type - Other; Reason Description - Served

06/30/2021    **Memorandum Filed**

Plaintiffs Legal Memorandum in Opposition to Christian Countys Motion for Summary Judgment;
Electronic Filing Certificate of Service.
   **Filed By:** C BRANDON STAFFORD

**Response Filed**

Response to Christian Countys Motion for Summary Judgment - Statement of Facts; Electronic Filing
Certificate of Service.
   **Filed By:** C BRANDON STAFFORD
   **On Behalf Of:** KEITH TRIPP

05/19/2021    **Hearing Held**

Plaintiff appears through counsel. Defendant does not appear. Plaintiff's Motion to Extend Time to
Respond to Defendant Christian County's Motion for Summary Judgment is sustained by agreement,
and Plaintiff is granted an extension of time until June 30, 2021 to file opposition to Defendants'
Motion for Summary Judgment. /s/ Laura Johnson
   **Scheduled For:** 05/19/2021;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

05/17/2021    **Motion Hearing Scheduled**

   **Associated Entries:** 05/19/2021 - Hearing Held  📷
   **Scheduled For:** 05/19/2021;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

05/12/2021    **Notice of Hearing Filed**

Notice of Hearing; Electronic Filing Certificate of Service.
   **Filed By:** C BRANDON STAFFORD
   **On Behalf Of:** KEITH TRIPP

**Motion for Extension of Time**

Case 6:22-cv-03119-LMC   Document 1-2   Filed 05/06/22   Page 3 of 144

Motion to Extend Time to Respond to Defendant Christian Countys Motion for Summary Judgment; Electronic Filing Certificate of Service.
> **Filed By:** C BRANDON STAFFORD

**03/18/2021**    ☐ <u>Order</u>

Protective Order

**03/17/2021**    ☐ <u>Order of Dismissal</u>

Stipulation for Dismissal of County III Only

**03/16/2021**    ☐ <u>Stipulation Filed</u>

STIPULATION FOR DISMISSAL OF COUNT III ONLY; Electronic Filing Certificate of Service.
> **Filed By:** GREGG A KINNEY
> **On Behalf Of:** CITY OF CLEVER, MARTIN MINNIS

**03/11/2021**    ☐ **Hearing Held**

Plaintiff appears through counsel. Defendant does not appear, having consented to the requested extension. Plaintiff's Motion for Extension of Time to respond to Defendants' Motion for Summary Judgement is sustained by agreement, and Plaintiff's opposition is due on or before May 24, 2021. /s/ Laura Johnson
> **Scheduled For:** 03/11/2021;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

**03/08/2021**    ☐ <u>Response Filed</u>

Christian Countys Response to Plaintiffs Motion for Enlargement of Time; Electronic Filing Certificate of Service.
> **Filed By:** DAVID STEPHEN BAKER
> **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI, DAVID LOE, RICK HILL, TREVOR GUINN

☐ **Motion Hearing Scheduled**

> **Associated Entries:** 03/11/2021 - Hearing Held   ⊞
> **Scheduled For:** 03/11/2021;  9:00 AM ;  LAURA J JOHNSON;  Christian County Cir Ct Bldg

**03/05/2021**    ☐ <u>Notice of Hearing Filed</u>

Notice of Hearing; Electronic Filing Certificate of Service.
> **Filed By:** C BRANDON STAFFORD
> **On Behalf Of:** KEITH TRIPP

☐ <u>Motion for Extension of Time</u>

Motion to Extend Time to Respond to Motion for Summary Judgment; Electronic Filing Certificate of Service.
> **Filed By:** C BRANDON STAFFORD

**03/03/2021**    ☐ <u>Cert Serv Resp Req Prod Doc Th</u>

Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** CHRISTOPHER LEE HEIGELE
> **On Behalf Of:** CITY OF CLEVER

        5/6/2022, 1:51 PM

**02/23/2021** **Stmnt Uncon/Mater Facts Filed**

Statement of Uncontroverted Material Facts; Exhbit A - Affidavit of Amber Bryant; Exhibit A1 - 2017 Coverage Document; Exhibit A2 - 2019 Coverage Document; Exhibit A3 - 2020 Coverage Document; Electronic Filing Certificate of Service.
    **Filed By:** DAVID STEPHEN BAKER
    **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI

**Suggestions in Support**

Suggestions in Support of Christian Countys Motion for Summary Judgment; Electronic Filing Certificate of Service.
    **Filed By:** DAVID STEPHEN BAKER

**Motion for Summary Judgment**

Christian Countys Motion for Summary Judgment; Electronic Filing Certificate of Service.
    **Filed By:** DAVID STEPHEN BAKER

**02/18/2021** **Judge Assigned**

    **Filed By:** LAURA J JOHNSON

**Judge Recuses**

Upon review of the matter, Judge Growcock recuses on her own motion to avoid the appearance of impropriety. Clerk to reassign case per local rules. So ordered. JRG/jjm
    **Filed By:** JENNIFER R GROWCOCK

**Motion Filed**

Joint Motion for Protective Order; Electronic Filing Certificate of Service. jjm
    **Filed By:** DAVID STEPHEN BAKER
    **On Behalf Of:** KEITH TRIPP, CHRISTIAN COUNTY, MISSOURI, CITY OF CLEVER, DAVID LOE, RICK HILL, TREVOR GUINN, DARREN WHISNANT, MARTIN MINNIS

**02/15/2021** **Cert Serv Resp Req Prod Doc Th**

Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER LEE HEIGELE
    **On Behalf Of:** CITY OF CLEVER

**02/12/2021** **Cert Serv of Rspns to Interrog**

Certificate of Service for Responses of Christian County to Plaintiffs 1st ROGS 1st RFP; Electronic Filing Certificate of Service.
    **Filed By:** DAVID STEPHEN BAKER
    **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI

**01/22/2021** **Notc Change of Address Filed**

Notice of Change of Address; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER LEE HEIGELE
    **On Behalf Of:** CITY OF CLEVER, DARREN WHISNANT

**01/18/2021** **Cert Serv Req Prod Docs Things**

Certificate of Service of First Request for Production of Documents to City of Clever; Electronic Filing Certificate of Service.
**Filed By:** C BRANDON STAFFORD
**On Behalf Of:** KEITH TRIPP

**Cert Serv Req Prod Docs Things**

Certificate of Service of First Request for Production of Documents to Christian County; Electronic Filing Certificate of Service.
**Filed By:** C BRANDON STAFFORD

**Cert Serv of Interrog Filed**

Certificate of Service of First Set of Interrogatories to City of Clever; Electronic Filing Certificate of Service.
**Filed By:** C BRANDON STAFFORD

**Cert Serv of Interrog Filed**

Certificate of Service of First Set of Interrogatories to Christian County; Electronic Filing Certificate of Service. jjm
**Filed By:** C BRANDON STAFFORD

**01/13/2021**    **Cert Serv Answers Interrog Fil**

Certificate of Service of Interrogatory Answers and Response to Request for Production from City of Clever; Electronic Filing Certificate of Service. jjm
**Filed By:** C BRANDON STAFFORD
**On Behalf Of:** KEITH TRIPP

**01/08/2021**    **Notc Change of Address Filed**

Notice of Change of Address; Electronic Filing Certificate of Service. jjm
**Filed By:** CHRISTOPHER LEE HEIGELE
**On Behalf Of:** CITY OF CLEVER, DARREN WHISNANT

**12/21/2020**    **Answer Filed**

Answer of Defendant Martin Minnis to Petition; Electronic Filing Certificate of Service.
**Filed By:** GREGG A KINNEY
**On Behalf Of:** MARTIN MINNIS

**12/14/2020**    **Cert Serv of Interrog Filed**

Cert of Service-Defendant Clever Mo 1st Discovery to Plaintiff; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER LEE HEIGELE
**On Behalf Of:** CITY OF CLEVER, DARREN WHISNANT

**Answer Filed**

**Filed By:** CHRISTOPHER LEE HEIGELE

**Entry of Appearance Filed**

Entry of Appearance and Designation of Lead Counsel; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER LEE HEIGELE

**11/19/2020**    ☐ <u>**Entry of Appearance Filed**</u>

   EOA - Gregg A Kinney for Def Martin Minnis; Electronic Filing Certificate of Service. jjm
    **Filed By:** GREGG A KINNEY
    **On Behalf Of:** MARTIN MINNIS

**11/12/2020**    ☐ <u>**Answer Filed**</u>

   Answer of Defendants Christian County, Loe, Hill, and Guinn; Electronic Filing Certificate of Service.
    **Filed By:** DAVID STEPHEN BAKER
    **On Behalf Of:** CHRISTIAN COUNTY, MISSOURI, DAVID LOE, RICK HILL, TREVOR GUINN

**10/20/2020**    ☐ <u>**Notice of Service**</u>

   Rule 5416 Acknowledgment of Service - Christian Co. jjm
    **Filed By:** C BRANDON STAFFORD
    **On Behalf Of:** KEITH TRIPP

**10/05/2020**    ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-450, for DOE, JOHN.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-449, for MINNIS, MARTIN.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-448, for WHISNANT, DARREN.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-447, for GUINN, TREVOR.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-446, for HILL, RICK.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-445, for LOE, DAVID.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-444, for CITY OF CLEVER.

   ☐ <u>**Summons Issued-Circuit**</u>

   Document ID: 20-SMCC-443, for CHRISTIAN COUNTY, MISSOURI.

**10/01/2020**    ☐ <u>**Filing Info Sheet eFiling**</u>

    **Filed By:** C BRANDON STAFFORD

   ☐ <u>**Pet Filed in Circuit Ct**</u>

   Petition.
    **On Behalf Of:** KEITH TRIPP

   ☐ <u>**Judge Assigned**</u>

Case 6:22-cv-03119-LMC  Document 1-2  Filed 05/06/22  Page 7 of 144

Electronically Filed - Christian - October 01, 2020 - 04:33 PM

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| KEITH L. TRIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTIAN COUNTY, MISSOURI, | ) |
| Serve at: | ) |
| 100 W. Church, Room 304 | ) |
| Ozark, MO 65721, | ) |
| | ) |
| CITY OF CLEVER, MISSOURI, | ) Case No._____ |
| Serve at: | ) |
| 304 S. Clarke Ave. | ) |
| Clever, MO 65631, | ) |
| | ) |
| DAVID LOE, | ) |
| | ) |
| RICK HILL, | ) |
| | ) |
| TREVOR GUINN | ) |
| Serve Loe, Hill and Guinn at: | ) |
| 110 W. Elm, Ste. 70 | ) |
| Ozark, MO 65721, | ) |
| | ) |
| DARREN WHISNANT | ) |
| Serve at: | ) |
| 106 S. Elliot | ) |
| Aurora, MO 65605, | ) |
| | ) |
| MARTIN MINNIS | ) |
| Serve at: | ) |
| 304 S. Clarke Ave. | ) |
| Clever, MO 65631, and | ) |
| | ) |
| JOHN DOE | ) |
| 304 S. Clarke Ave. | ) |
| Clever, MO 65631, | ) |
| | ) |
| Defendants. | ) |

## PETITION

COMES NOW Plaintiff Keith L. Tripp, by and through counsel, and for his claims against Defendants Christian County, Missouri, City of Clever, Missouri, David Loe, Rick Hill, Trevor Guinn, Darren Whisnant, Martin Minnis and John Doe, states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Keith L. Tripp ("Keith") is an individual, a U.S. citizen, and a resident of Clever, Christian County, Missouri.

2. Defendant Christian County, Missouri ("Christian County") is a county and political subdivision of the State of Missouri.

3. The Christian County Sheriff's Department ("CCSD") is a political subdivision of Christian County and of the State of Missouri.

4. Defendant City of Clever, Missouri ("Clever") is a municipality located in Christian County, Missouri at 304 S. Clarke Ave., Clever, MO, and had a police department at times relevant.

5. Defendant David Loe ("Loe") is an individual and was an employee and detective with the CCSD at all times relevant herein.

6. Defendant Rick Hill ("Hill") is an individual and was an employee and detective with the CCSD at all times relevant herein.

7. Defendant Trevor Guinn ("Guinn") is an individual and was an employee and deputy with the CCSD at all times relevant herein.

8. At all times relevant herein, Loe, Hill and Guinn were employees and officers

2

with the CCSD and Christian County and acted while in the scope of their employment, agency or servitude with the CCSD and Christian County.

9. Defendant Darren Whisnant ("Whisnant") is an individual and was the chief of Clever's police department at all times relevant.

10. Defendant Martin Minnis ("Minnis") is an individual and was an employee and officer with Clever's police department at all times relevant.

11. Defendant John Doe ("Doe") is an individual and was an employee and officer with Clever's police department at all times relevant.

12. At all times relevant herein, Whisnant, Minnis and Doe were police officers with Clever's police department and acted while in the scope of their employment, agency or servitude with Clever.

13. The acts and conduct complained of herein occurred in Christian County, Missouri.

14. Keith requests a jury trial on all counts and claims contained herein.


## COUNT I

### FALSE ARREST AND FALSE IMPRISONMENT
### AS TO FALSE CHILD ENDANGERMENT CHARGES

For Keith's claim for damages and relief against Defendants Christian County, Clever, Loe, Hill, Guinn and Whisnant for false arrest, detainment and imprisonment, he states that:

15. He restates and re-avers each and every fact and allegation contained in

3

paragraphs 1 through 14 above as if fully stated herein.

16. Loe, Hill, Guinn and Whisnant worked jointly, in concert and together on an incident involving the death of an infant, E.H., who died of sudden infant death syndrome (SIDS) on or about January 21, 2018 in Clever, Christian County, Missouri (referred to at times herein as the "incident" or "SIDS incident").

17. The mother of E.H. was Keith's niece, Amber Weeks ("Amber").

18. Amber is also the mother of two other children, A.C. and N.H.

19. Keith's claims as to this count arise as a result of his false arrest and detention, and false imprisonment and prosecution arising out of the SIDS incident.

20. Based on information provided by Loe, Hill, Guinn and Whisnant, Keith was falsely charged with three counts of the felony of endangering the welfare of child ("the charges") as to each of the following children: E.H., A.C. and N.H. ("the children"), in Christian County Case No. 18CT-CR01828.

21. The charges falsely alleged that Keith acted in a manner that created a substantial risk to the body and health of the children by maintaining the residence in which he lived with the children, to be unsafe and unsanitary.

22. Keith did not live with the children and did not live at or stay overnight at the children's residence.

23. Keith had no duty to maintain that residence.

24. After he heard of E.H.'s death, Keith immediately went to the children's residence, where Amber Weeks and Dawn Williams, Keith's sister, also lived.

25. In his incident report form, Guinn wrote that he spoke to Keith at the scene and

that Keith did not live there.

26. Guinn arrived at the scene of the SIDS incident before Loe, Hill or Whisnant, the chief of the Clever police department, who directed and instructed others upon his arrival, and the officers detained Keith there.

27. Loe spoke with and worked with Guinn at the scene of the SIDS incident.

28. Loe submitted a probable cause statement to support the charges filed against Keith.

29. Hill worked with Loe to get the main case file prepared, which was used to prosecute Keith.

30. In his incident report, Hill wrote that E.H. had been taken to medical providers on multiple occasions after her birth until her death about three weeks later, for breathing problems and other conditions.

31. Hill as well as the other Defendants knew or should have known of E.H.'s pre-existing medical conditions.

32. Dawn Williams is Amber Weeks' mother and lived at the residence where E.H. died ("the residence").

33. Gary Petree ("Petree") was Dawn Williams' boyfriend at the time of the incident.

34. As shown in his report, Hill interviewed Petree after the incident, and Hill confirmed that Petree was at the residence the night before the incident, stayed at the residence through the night after Dawn had come home, stayed at the residence the night of the incident and was at the residence when E.H. died.

5

35. Keith was not at the residence the night before the incident through the time E.H. died.

36. No criminal charges were ever filed against Petree regarding the incident.

37. Amber Weeks was drug tested just after the incident and tested negative for drugs.

38. There is no known specific causal connection between the death of E.H. and the condition of the residence that is related to Keith.

39. In fact, there is no known specific causal connection between the death of E.H. and the condition of the residence at all.

40. There is no known specific causal connection between any illness or condition of the body and health of A.C. or N.H. and the condition of the residence that is related to Keith.

41. In fact, there is no known specific causal connection between any illness or condition of the body and health of A.C. or N.H. and the condition of the residence at all.

42. No probable cause existed to support any allegation that Keith endangered the welfare of any of the children.

43. Nevertheless, the charges against Keith were prosecuted from July 20, 2018 to April 29, 2020 before the charges and case against Keith were finally dismissed.

44. Christian County, Loe, Hill, Guinn, Whisnant and Clever knew or should have known that there was no probable cause to believe that Keith committed the crimes alleged in the charges.

45. Christian County, Loe, Hill, Guinn, Whisnant and Clever submitted

6

information to the prosecuting attorney to support the charges against Keith which such Defendants knew or reasonably should have known was false; or, they did not know whether it was true or false.

46. Christian County, Loe, Hill, Guinn, Whisnant and Clever encouraged, promoted or instigated the false arrest and imprisonment of Keith against his will.

47. Christian County, Loe, Hill, Guinn, Whisnant and Clever unlawfully and falsely prosecuted the charges against Keith for endangering the welfare of the children, which are offenses Keith did not commit.

48. Keith was unlawfully, falsely and involuntarily detained, arrested and imprisoned for a substantial length of time against his will as a result of the conduct of the defendants named in this Count I and the false charges of endangering the welfare of the children, offenses he did not commit, before the charges were finally dismissed.

49. Keith has sustained damages in excess of $25,000 as a matter of course and as a natural and probable consequence of Defendants' conduct as stated above, including but not limited to the unlawful arrest, unlawful incarceration, loss of time, lost wages in excess of $35,000, embarrassment, anguish, frustration and attorney's fees of not less than $25,000 to date.

50. Defendants' conduct as stated herein was so outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages against them in a sum of $500,000.00.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against Defendants Christian County, Loe, Hill, Guinn, Whisnant and Clever in an amount in excess of

7

Electronically Filed - Christian - October 01, 2020 - 04:33 PM

$25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages in an amount of not less than $500,000.00 and for such other and further relief as the Court shall deem just and proper.

## COUNT II

<u>MALICIOUS PROSECUTION AS TO FALSE CHILD ENDANGERMENT CHARGES</u>

For Keith's claim for damages against Defendants Christian County, Loe, Hill, Guinn, Whisnant and Clever for malicious prosecution, he states as follows:

51. He restates and re-avers each and every fact and allegation contained in paragraphs 1 through 50 above as if fully stated herein.

52. Christian County, Loe, Hill, Guinn, Whisnant and Clever encouraged, commenced and instigated a prosecution of the charges against Keith.

53. The termination of that prosecution was in favor of Keith.

54. Christian County, Loe, Hill, Guinn, Whisnant and Clever had no probable cause for that prosecution.

55. Clever had unlawfully harassed, stopped, seized, detained, cited and maliciously prosecuted Keith in the past.

56. Christian County, Loe, Hill, Guinn, Whisnant and Clever worked together jointly and in concert on the incident and were motivated by malice in commencing the prosecution against Keith, which ultimately failed.

57. Keith has sustained damages as a matter of course and as a natural and probable consequence of said Defendants' conduct in prosecuting the charges that

8

resulted in dismissal, and such damages include but are not limited to unlawful arrest, unlawful incarceration, loss of time, lost wages in excess of $35,000, embarrassment, anguish, frustration and attorney's fees of not less than $25,000 to date.

58. Defendants' conduct in pursuing the failed prosecution maliciously as stated herein was so outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages against them in a sum of $500,000.00.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against Defendants Christian County, Loe, Hill, Guinn, Whisnant and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages in an amount of not less than $500,000.00 and for such other and further relief as the Court shall deem just and proper.

## COUNT III

### FALSE AND UNLAWFUL ARREST, DETAINMENT AND SEARCH AND SEIZURE AFTER VEHICLE STOP FOR NO REASON

For Keith's claim for damages against Defendants Clever and Minnis for false and unlawful arrest, detainment and search and seizure, he states as follows:

59. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 4, 10, 12, 13 and 14 above as if fully stated herein.

60. On or about May 31, 2020, Keith was lawfully driving his vehicle in Clever when he was stopped by Minnis, a Clever police officer, at a Casey's convenience store.

9

61. Minnis unlawfully stopped Keith for no reason, against Keith's will, with no probable cause and no reasonable suspicion that Keith had committed a crime.

62. Minnis claimed Keith's license plates did not belong to his vehicle, which was false and which Minnis knew was false or reasonably should have known was false.

63. At the scene of the stop, Minnis knew that Keith had legal license plates and had done nothing unlawful.

64. At the scene, while Minnis knew Keith had done nothing illegal, he searched Keith's vehicle and asked Keith to step out of his vehicle, which Keith did.

65. Minnis then unlawfully arrested Keith against his will, handcuffing him for no reason, with no probable cause and with no reasonable suspicion that Keith had committed a crime.

66. Minnis then put Keith in the back of his police car while still handcuffed against his will, and illegally searched through Keith's car without a warrant, without probable cause to search and without a reasonable suspicion that a crime had been committed.

67. Minnis unlawfully searched Keith's vehicle and found pills which were clearly marked as Pepto Bismol.

68. After Minnis knew that Keith had legal license plates and legal Pepto Bismol, and that Keith had done nothing illegal, Minnis continued to unreasonably hold and detain Keith against his will in handcuffs in the back of the police vehicle for an unnecessary, unlawful and substantial amount of time under the circumstances, with no probable cause.

10

69. Minnis eventually released Keith from the handcuffs and let him go, without giving him any citation or warning, or even claiming that Keith had done anything illegal.

70. Keith has sustained damages in excess of $25,000 as a matter of course and as a natural and probable consequence of the Count III Defendants' conduct as stated above, including but not limited to the unlawful stop, seizure, arrest and detention, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

71. Defendants' conduct as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages as to this Count III against them in the sum of $50,000.00.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against Defendants Minnis and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages in an amount of not less than $500,000.00 and for such other and further relief as the Court shall deem just and proper.

## COUNT IV

### FALSE ARREST - FALSE SPEEDING TICKET

For Keith's claim for damages against Defendants Doe and Clever for false and unlawful arrest, detainment and search and seizure, he states as follows:

72. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 4, 11, 12, 13 and 14 above as if fully stated herein.

73. Keith was unlawfully stopped, detained and restrained against his will by Doe,

11

a Clever police officer, for speeding on or about November 30, 2019.

74. Keith was not speeding prior to being stopped, and the stop was unlawful.

75. Doe had no probable cause to believe Keith was speeding or otherwise committing a crime, and the stop was unlawful.

76. Doe then issued Keith ticket number 170385969 ("the ticket") for speeding.

77. Keith appeared in the Clever Municipal Court on the ticket.

78. The ticket was dismissed by the Clever Municipal Court on March 5, 2020.

79. Keith has sustained damages as a matter of course and as a natural and probable consequence of the conduct of Clever and its officer in pulling Keith over and detaining him, against his will, without probable cause, including but not limited to loss of time, embarrassment, anguish, frustration and attorney's fees regarding the matter.

80. Defendants' conduct as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages against them in the sum of $50,000.00.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against Defendants Doe and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages in an amount of $50,000.00 and for such other and further relief as the Court shall deem just and proper.

12

## COUNT V

### MALICIOUS PROSECUTION AS TO FALSE SPEEDING TICKET

For Keith's claim for damages against Defendants Doe and Clever, for malicious prosecution, he states as follows:

81. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 4, 11, 12, 13, 14 and 73 through 80 above as if fully stated herein.

82. Doe and Clever encouraged, commenced and instigated a prosecution of the ticket against Keith.

83. The termination of that prosecution was in favor of Keith.

84. Doe and Clever had no probable cause for that prosecution.

85. Clever had unlawfully harassed, stopped, seized, detained, cited and maliciously prosecuted Keith in the past.

86. Doe and Clever worked together jointly and in concert regarding the ticket and were motivated by malice in issuing the ticket and commencing the prosecution of Keith.

87. Keith has sustained damages as a matter of course and as a natural and probable consequence of said Defendants' conduct in prosecuting the charges that resulted in dismissal, and such damages include but are not limited to unlawful stop, arrest, seizure and detention, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

88. Defendants' conduct in pursuing the failed prosecution maliciously as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages against them in the

13

sum of $50,000.00.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against Defendants Doe and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages in the amount of $50,000.00 and for such other and further relief as the Court shall deem just and proper.

BRANDON STAFFORD LAW, LLC

By /s/ Brandon Stafford
       C. Brandon Stafford
       MO BAR # 60211

BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
(417) 485-4545; FAX (417) 485-4546
Email: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

14



**IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI**

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| vs. | |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CHRISTIAN COUNTY, MISSOURI
Alias:

100 W. CHURCH, ROOM 304
OZARK, MO 65721

**COURT SEAL OF**

**CHRISTIAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10-5-2020_____      _____/S/ BH_____
Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                 Date                                    Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 6:22-cv-03119-LMC   Document 1-2   Filed 05/06/22   Page 23 of 144



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| vs. | |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CITY OF CLEVER
Alias:

304 S. CLARKE AVE.
CLEVER, MO 65631

**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**CHRISTIAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10-5-2020_____          _____/S/ BH_____
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____
Date                                    Notary Public

### Sheriff's Fees, if applicable
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 6:22-cv-03119-LMC   Document 1-2   Filed 05/06/22   Page 24 of 144



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff's/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| vs. | |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: DAVID LOE**
**Alias:**

110 W. ELM, STE. 70
OZARK, MO 65721

**COURT SEAL OF**

**CHRISTIAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 10-5-2020 | /S/ BH |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ | _____
Date | Notary Public

**Sheriff's Fees, if applicable**
| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only: Document Id # 20-SMCC-445*     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| vs. | |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: RICK HILL
    Alias:

110 W. ELM, STE. 70
OZARK, MO 65721

*COURT SEAL OF*

*CHRISTIAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10-5-2020_____      _____/S/ BH_____
             Date                                              Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
In _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                              Date                                              Notary Public

## Sheriff's Fees, if applicable

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-446      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| vs. | |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TREVOR GUINN
**Alias:**

110 W. ELM, STE. 70
OZARK, MO 65721

**COURT SEAL OF**

**CHRISTIAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| _____10-5-2020_____ | _____/S/ BH_____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
_____    _____
Date    Notary Public

### Sheriff's Fees, if applicable

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | *(Date File Stamp)* |

## Summons in Civil Case

The State of Missouri to: DARREN WHISNANT
                   Alias:

106 S. ELLIOT
AURORA, MO 65605

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CHRISTIAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10-5-2020_____      _____/S/ BH_____
              Date                                       Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                              Signature of Sheriff or Server

               **Must be sworn before a notary public if not served by an authorized officer:**

               Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                                 Date                                 Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-448      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A |
| vs. | OZARK, MO 65721 |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MARTIN MINNIS**
    Alias:

**304 S. CLARKE AVE.**
**CLEVER, MO 65631**

*COURT SEAL OF*

*CHRISTIAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10-5-2020_____      _____/S/ BH_____
              Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                _____
                                              Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-449        1 of 1        Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03119-LMC    Document 1-2    Filed 05/06/22    Page 29 of 144



# IN THE 38TH JUDICIAL CIRCUIT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 20CT-CC00211 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH TRIPP | Plaintiff's/Petitioner's Attorney/Address<br>C BRANDON STAFFORD<br>202 E ELM ST<br>STE A<br>OZARK, MO 65721 |
| Defendant/Respondent:<br>CHRISTIAN COUNTY, MISSOURI | Court Address:<br>110 WEST ELM STREET<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Other Tort | |

vs.

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** JOHN DOE
**Alias:**

304 S. CLARKE AVE.
CLEVER, MO 65631

*COURT SEAL OF*

*CHRISTIAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10-5-2020_____     _____/S/ BH_____
Date                              Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                         Date                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-450     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03119-LMC    Document 1-2    Filed 05/06/22    Page 30 of 144

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,              )
                                )
        Plaintiff,       )
                                )
vs.                       )   Case No.: 20CT-CC00211
                                )
CHRISTIAN COUNTY, MISSOURI, et al.,  )
                                )
        Defendants.    )

**ANSWER OF DEFENDANTS**
**CHRISTIAN COUNTY, LOE, HILL, AND GUINN**

COME NOW Defendants Christian County, Loe, Hill, and Guinn (hereinafter "Answering Defendants"), by and through their undersigned counsel of record, and for their Answer to Plaintiff's Petition state and allege to the Court as follows.

1.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 1 of the Petition and, therefore, deny same.

2.     Answering Defendants admit paragraph 2 of the Petition.

3.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 3 of the Petition.

4.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 4 of the Petition and, therefore, deny same.

5.     Answering Defendants admit Defendant Loe is an individual and was employed at the Christian County Sheriff's Office, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 5 of the Petition and, therefore, deny same.

6.      Answering Defendants admit Defendant Hill is an individual and was employed at the Christian County Sheriff's Office, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 6 of the Petition and, therefore, deny same.

7.      Answering Defendants admit Defendant Guinn is an individual and was employed at the Christian County Sheriff's Office, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 7 of the Petition and, therefore, deny same.

8.      Answering Defendants admit Defendants Loe, Hill, and Guinn were employed at the Christian County Sheriff's Office, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 8 of the Petition and, therefore, deny same.

9.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 9 of the Petition and, therefore, deny same.

10.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 10 of the Petition and, therefore, deny same.

11.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 11 of the Petition and, therefore, deny same.

12. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 12 of the Petition and, therefore, deny same.

13. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 13 of the Petition and, therefore, deny same.

14. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 14 of the Petition and, therefore, deny same.

15. Answering Defendants deny each and every other allegation, matter and averment made or contained in paragraphs 1 through 14 of the Petition not specifically and previously admitted herein.

## COUNT I

16. To the extent paragraph 15 of Count I of the Petition restates and/or incorporates the allegations made or contained in paragraphs 1 through 14 of said Petition, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

17. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 16 of the Petition and, therefore, deny same.

18. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 17 of the Petition and, therefore, deny same.

19.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 18 of the Petition and, therefore, deny same.

20.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 19 of the Petition and, therefore, deny same.

21.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 20 of the Petition and, therefore, deny same.

22.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 21 of the Petition and, therefore, deny same.

23.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 22 of the Petition and, therefore, deny same.

24.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 23 of the Petition and, therefore, deny same.

25.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 24 of the Petition and, therefore, deny same.

26.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 25 of the Petition and, therefore, deny same.

27.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 26 of the Petition and, therefore, deny same.

28.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 27 of the Petition and, therefore, deny same.

29.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 28 of the Petition and, therefore, deny same.

30.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 29 of the Petition and, therefore, deny same.

31.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 30 of the Petition and, therefore, deny same.

32.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 31 of the Petition.

33.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 32 of the Petition and, therefore, deny same.

34.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 33 of the Petition and, therefore, deny same.

35.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 34 of the Petition and, therefore, deny same.

36.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 35 of the Petition and, therefore, deny same.

37.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 36 of the Petition and, therefore, deny same.

38.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 37 of the Petition and, therefore, deny same.

39.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 38 of the Petition and, therefore, deny same.

40.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 39 of the Petition and, therefore, deny same.

41.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 40 of the Petition and, therefore, deny same.

42.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 41 of the Petition and, therefore, deny same.

43.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 42 of the Petition.

44.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 43 of the Petition and, therefore, deny same.

45.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 44 of the Petition.

46.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 45 of the Petition.

47.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 46 of the Petition.

48.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 47 of the Petition.

49.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 48 of the Petition.

50.    Answering Defendants deny the allegations, matters and averments made or contained in paragraph 49 of the Petition.

51.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 50 of the Petition.

52.     Answering Defendants deny each and every other allegation, matter and averment made or contained in Count I of the Petition not specifically and previously admitted herein.

53.     Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of the Petition, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT II

54.     To the extent paragraph 51 of Count II of the Petition restates and/or incorporates the allegations made or contained in paragraphs 1 through 50 of said Petition, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

55.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 52 of the Petition.

56.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 53 of the Petition and, therefore, deny same.

57.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 54 of the Petition.

58.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 55 of the Petition and, therefore, deny same.

59.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 56 of the Petition.

60.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 57 of the Petition.

61.     Answering Defendants deny the allegations, matters and averments made or contained in paragraph 58 of the Petition.

62.     Answering Defendants deny each and every other allegation, matter and averment made or contained in Count II of the Petition not specifically and previously admitted herein.

63.     Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count II of the Petition, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT III

64.     To the extent paragraph 59 of Count III of the Petition restates and/or incorporates the allegations made or contained in paragraphs 1, 4, 10, 12, 13, and 14 of said Petition, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

65.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 60 of the Petition and, therefore, deny same.

66.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 61 of the Petition and, therefore, deny same.

67.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 62 of the Petition and, therefore, deny same.

68.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 63 of the Petition and, therefore, deny same.

69.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 64 of the Petition and, therefore, deny same.

70.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 65 of the Petition and, therefore, deny same.

71.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 66 of the Petition and, therefore, deny same.

72.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 67 of the Petition and, therefore, deny same.

73.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 68 of the Petition and, therefore, deny same.

74.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 69 of the Petition and, therefore, deny same.

75.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 70 of the Petition and, therefore, deny same.

76.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 71 of the Petition and, therefore, deny same.

77.     Answering Defendants deny each and every other allegation, matter and averment made or contained in Count III of the Petition not specifically and previously admitted herein.

78.     Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count III of the Petition, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT IV

79.     To the extent paragraph 72 of Count IV of the Petition restates and/or incorporates the allegations made or contained in paragraphs 1, 4, 11, 12, 13, and 14 of said Petition, Answering Defendants incorporate herewith their responses so said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

80.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 73 of the Petition and, therefore, deny same.

81.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 74 of the Petition and, therefore, deny same.

82.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 75 of the Petition and, therefore, deny same.

83.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 76 of the Petition and, therefore, deny same.

84.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 77 of the Petition and, therefore, deny same.

85.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 78 of the Petition and, therefore, deny same.

Electronically Filed - Christian - November 12, 2020 - 04:49 PM

86.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 79 of the Petition and, therefore, deny same.

87.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 80 of the Petition and, therefore, deny same.

88.     Answering Defendants deny each and every other allegation, matter and averment made or contained in Count IV of the Petition not specifically and previously admitted herein.

89.     Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count IV of the Petition, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

90.     Plaintiff's Petition fails to state facts sufficient to constitute a cause of action against Answering Defendants and fails to state a claim upon which relief may be granted against them so the same should be dismissed as Plaintiff's costs.

91.     For other affirmative answer and defense, Answering Defendants state and allege they acted with objective reasonableness under the circumstances then existing and their conduct was justified and/or privileged.

92.     For other affirmative answer and defense, Answering Defendants state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Petition involved

discretionary activity and/or conduct and, accordingly, Answering Defendants are shielded from liability by operation of Missouri's official immunity doctrine.

93.     For other affirmative answer and defense, Answering Defendants state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Petition involved duties owed to the public at large and, therefore, Answering Defendants are shielded from liability by virtue of Missouri's public duty doctrine.

94.     For other affirmative answer and defense, Answering Defendants allege that Plaintiff's damages, if any, were proximately caused by Plaintiff's own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendants and whose fault should be compared.

95.     For other affirmative answer and defense, Answering Defendants state that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

(a)     The standards by which Answering Defendants' conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution;

(b)     The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendants of the potential repercussions of their alleged conduct, and are subject to the unbridled discretion of the fact finder thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution and the same or similar provisions of the Missouri Constitution;

(c)     Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution are applicable;

(d)     Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and the same or similar provisions of the Missouri Constitution;

(e)     Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and the same or similar provisions of the Missouri Constitution;

(f)     Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)     Plaintiff's request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution;

(h)     An award of punitive damages would violate Answering Defendants' due process under the United States Constitution and the same or similar provisions of the Missouri Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i)     To the extent Answering Defendants are being sued in their representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against them, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.*;

(j)     To the extent Answering Defendants are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

96.     For other affirmative answer and defense, Answering Defendants state probable cause to arrest Plaintiff existed as a matter of law under the facts and circumstances of this case.

97.     For other affirmative answer and defense, Answering Defendants state Plaintiff was indicted by a grand jury which is presumptive proof of probable cause.

98.     For other affirmative answer and defense, Answering Defendants state that in the event an award of damages is returned, Plaintiff's award (if any) should be modified and/or reduced as a result of Plaintiff's failure to mitigate damages.

99.     For other affirmative answer and defense, Answering Defendants state that in the event they are found or determined to have any liability to Plaintiff, which liability is expressly denied, their liability is limited to that allowed and/or permitted pursuant to R.S.Mo. § 537.610.

100.     For other affirmative answer and defense, Answering Defendants state in the event Plaintiff resolves, settles, compromises or in any way receives any compensation from others in connection with the claims and allegations made in this lawsuit, Answering Defendants are entitled to a setoff of the fair market value of said compensation or other payment.

101.    Answering Defendants reserve the right to assert and plead additional affirmative defenses if and when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based upon the above and foregoing, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs, expenses and attorneys' fees herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Answering Defendants demand a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


   /s/ David S. Baker
David S. Baker                                          #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri,*
*Loe, Hill and Guinn*

### CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*


   /s/ David S. Baker
DAVID S. BAKER

**IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI**

KEITH L. TRIPP,

    Plaintiff,

v.

CHRISTIAN COUNTY, MISSOURI, CITY OF CLEVER, MISSOURI, DAVID LOE, RICK HILL, TREVOR GUINN, DARREN WHISNANT, MARTIN MINNIS, JOHN DOE,

    Defendants.

Case No. 20CT-CC00211

**ANSWER OF DEFENDANTS**
**CITY OF CLEVER MISSOURI AND DARREN WHISNANT**

  COME NOW Defendants City of Clever, Missouri and Darren Whisnant (hereinafter the "Defendants"), by counsel and for their answer and affirmative defenses to Plaintiff's Petition, state and allege as follows:

**GENERAL ALLEGATIONS**

  1. Answering ¶ 1 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

  2. Defendants admit ¶ 2 of Plaintiff's Petition.

  3. Answering ¶ 3 of Plaintiff's Petition, Defendants state the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against Defendants, the same are denied.

  4. Defendants admit ¶ 4 of Plaintiff's Petition.

5.      Answering ¶¶ 5, 6, 7 and 8 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

6.      Answering ¶ 9 of Plaintiff's Petition, Defendants admit only that Darren Whisnant at one time was Chief of Police of Clever, Missouri; all remaining allegations are denied.

7.      Answering ¶ 10 of Plaintiff's Petition, Defendants admit only that Martin Minnis was at one time a police officer for the City of Clever, Missouri; all remaining allegations are denied.

8.      Answering ¶ 11 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

9.      Defendants admit ¶ 12 of Plaintiff's Petition.

10.     Defendants deny ¶¶ 13 and 14 of Plaintiff's Petition.

## COUNT I[1]

### FALSE ARREST AND FALSE IMPRISONMENT AS TO FALSE CHILD ENDANGERMENT CHARGES

11.     Defendants deny the introductory paragraph to Count I of Plaintiff's Petition.

12.     Answering ¶ 15 of Plaintiff's Petition, Defendants incorporate by reference their responses to ¶¶ 1-14 of Plaintiff's Petition as if fully set forth herein.

13.     Defendants deny ¶ 16 of Plaintiff's Petition.

---

[1] For consistency and convenience of the Court, Defendants use Plaintiff's headings. The use of Plaintiff's headings is not an admission of the truth or veracity of the language used.

14.     Answering ¶¶ 17 and 18 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

15.     Defendants deny ¶¶ 19, 20 and 21 of Plaintiff's Petition.

16.     Answering ¶¶ 22, 23, 24 and 25 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

17.     Defendants deny ¶ 26 of Plaintiff's Petition.

18.     Answering ¶¶ 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

19.     Defendants deny ¶ 42 of Plaintiff's Petition.

20.     Answering ¶ 43 of Plaintiff's Petition, Defendants state they are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

21.     Defendants deny ¶¶ 44, 45, 46, 47, 48, 49 and 50 of Plaintiff's Petition.

22.     Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

23.     Defendants deny each and every allegation and averment made and contained in Count I of Plaintiff's Petition not specifically admitted or otherwise addressed herein.

24.     Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

Electronically Filed - Christian - December 14, 2020 - 11:55 AM

## COUNT II

### MALICIOUS PROSECUTION AS TO FALSE CHILD ENDANGERMENT CHARGES

25.     Defendants deny the introductory paragraph to Count II of Plaintiff's Petition.

26.     Answering ¶ 51 of Plaintiff's Petition, Defendants incorporate by reference their responses to ¶¶ 1-50 of Plaintiff's Petition as if fully set forth herein.

27.     Defendants deny ¶¶ 52, 53, 54, 55, 56, 57 and 58 of Plaintiff's Petition.

28.     Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

29.     Defendants deny each and every allegation and averment made and contained in Count II of Plaintiff's Petition not specifically admitted or otherwise addressed herein.

30.     Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## COUNT III

### FALSE AND UNLAWFUL ARREST, DETAINMENT AND SEARCH AND SEIZURE AFTER VEHICLE STOP FOR NO REASON

31.     Defendants deny the introductory paragraph to Count III of Plaintiff's Petition.

32.     Answering ¶ 59 of Plaintiff's Petition, Defendants incorporate by reference their responses to ¶¶ 1-58 of Plaintiff's Petition as if fully set forth herein.

33.     Defendants deny ¶¶ 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71 of Plaintiff's Petition.

34.     Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

35.     Defendants deny each and every allegation and averment made and contained in Count III of Plaintiff's Petition not specifically admitted or otherwise addressed herein.

36.     Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## COUNT IV

### FALSE ARREST-FALSE SPEEDING TICKET

37.     Defendants deny the introductory paragraph to Count III of Plaintiff's Petition.

38.     Answering ¶ 72 of Plaintiff's Petition, Defendants incorporate by reference their responses to ¶¶ 1-71 of Plaintiff's Petition as if fully set forth herein.

39.     Defendants deny ¶¶ 73, 74 and 75 of Plaintiff's Petition.

40.     Defendants admit ¶¶ 76 and 77 of Plaintiff's Petition.

41.     Answering ¶ 78 of Plaintiff's Petition, Defendants admit only the speeding ticket was dismissed without prejudice to its refiling.

42.     Defendants deny ¶¶ 79 and 80 of Plaintiff's Petition.

43.     Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

44.     Defendants deny each and every allegation and averment made and contained in Count IV of Plaintiff's Petition not specifically admitted or otherwise addressed herein.

45.     Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## COUNT V

### MALICIOUS PROSECUTION AS TO FALSE SPEEDING TICKET

46.     Defendants deny the introductory paragraph to Count V of Plaintiff's Petition.

47.     Answering ¶ 81 of Plaintiff's Petition, Defendants incorporate by reference their responses to ¶¶ 1-80 of Plaintiff's Petition as if fully set forth herein.

48.     Defendants deny ¶¶ 82, 83, 84, 85, 86, 87 and 88 of Plaintiff's Petition.

49. Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

50. Defendants deny each and every allegation and averment made and contained in Count V of Plaintiff's Petition not specifically admitted or otherwise addressed herein.

51. Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## AFFIRMATIVE DEFENSES

52. In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state Plaintiff's Petition fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted such that the same should be dismissed at Plaintiff's costs.

53. In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state that any of Plaintiff's constitutional claims against Defendants based upon the doctrine of *respondeat superior* or vicarious liability fail to state a claim upon which relief can be granted and should be dismissed at Plaintiff's costs.

54. In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state to the extent Plaintiff's Petition attempts to state any cause of action under Missouri State law, Defendants are protected from liability by virtue of Missouri's sovereign immunity statute, §537.600, *et seq.*, R.S.Mo., official immunity and/or the public duty doctrine.

55. In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants specifically deny Plaintiff's claims are actionable inasmuch as there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by Defendants or any of them individually.

Electronically Filed - Christian - December 14, 2020 - 11:55 AM

56.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state, at all times relevant hereto, they were acting under legal authority and in good faith and as such, Plaintiff's claims herein are barred.

57.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, *res judicata*, collateral estoppel, issue preclusion and/or claim preclusion.

58.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state, specifically denying the conduct as alleged or characterized in the Petition occurred, any such conduct as alleged is not reflective of an official policy or custom of Defendants.

59.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by the Clever police department and its officers and the police department and its officers are protected from liability by the doctrines of qualified immunity, official immunity, absolute legislative immunity and/or judicial immunity.

60.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants specifically deny that Plaintiff's rights were violated, and state that all acts taken with regard to Plaintiff, if any, were legally justified, supported by reasonable suspicion and/or probable cause, were reasonable and necessary under the circumstances therein existing.

61.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state the Clever police department and its officers acted with objective reasonableness under the circumstances then existing, and any conduct was justified and/or privileged.

62.     In further answer to Plaintiffs' Petition and by way of affirmative defense, Defendants state that any damages sustained by Plaintiffs, said damages being specifically denied, were the sole, direct and proximate result of the acts and/or omissions of other parties over whom Defendants had no control, including Plaintiff, such that the principles of sole cause, comparative and/or contributory fault and/or negligence should be applied to deny or diminish any recovery against these Defendants.

63.     In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state they are immune from liability by virtue of the Eleventh Amendment of the United States Constitution.

64.     In further answer to Plaintiff's Petition and by way of affirmative defense, to the extent Plaintiff attempts to seek punitive damages against Defendants, Defendants state and allege that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

    a.      The standards by which Defendants' conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

    b.      The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby

denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

    c.    Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable;

    d.    Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

    e.    Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

    f.    Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

    g.    Plaintiff's request for punitive damages cannot protect Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

    h.    An award of punitive damages would violate the Defendants' due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

    i.    To the extent Defendants are being sued in their representative or official capacity, Plaintiff is not entitled to any punitive damage award against them because punitive damages may not be awarded against a governmental entity in a claim under 42

U.S.C. § 1983 pursuant to the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247(1981).

    j.    To the extent Defendants are being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 R.S.Mo.

    k.    An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

    l.    An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

    m.    An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

    n.    An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

    o.    An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22; and

    p.    Missouri Revised Statute Section 510.265(1) and the Missouri Approved Jury Instructions relating to punitive damages are unconstitutional and deprive Defendants of Due Process of Law and Equal Protection of Law in that: (1) they fail to contain adequate substantive, procedural and instructional safeguards, thereby permitting juries to base punitive damages on impermissible evidence and upon acts, conduct and/or defects that do not and cannot form a constitutionally sound basis for the award of punitive damages; (2) the award of punitive damages is not tied to specifically proven items of damages; and,

(3) the upper limit of recoverable punitive damages is the same regardless of the degree of culpability or the nature of the conduct, permitting and mandating the same award in cases not involving actual malice as can be awarded in the cases of the most egregious conduct. In the context of the holdings of the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (U.S. 2008), the amount of any punitive damage award should be limited to an amount not exceeding the amount of compensatory damages (if any) awarded in this action. The unpredictability of high punitive awards is in tension with their punitive function because of the implication of unfairness that an eccentrically high punitive verdict carries.

65.    In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state Plaintiff's claim for his attorney's fees should be denied or dismissed because there is no statutory or contractual authority for, or very unusual circumstances allowing, the award of plaintiff's fees and expenses. *See Mayor, Councilmen, & Citizens of City of Liberty v. Beard*, 636 S.W.2d 330, 331 (Mo. 1982)("The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorneys' fees [American Rule].")

66.    In further answer to Plaintiff's Petition and by way of affirmative defense, Defendants state Plaintiff's claimed damages should be denied or dismissed based on a failure to mitigate his damages, if any, said damages being specifically denied.

67.    In further answer to Plaintiff's Petition and by way of Affirmative Defense, Defendants state that pursuant to §563.074 R.S.Mo., the Court must award them their attorneys' fees, costs and all reasonable expenses incurred in the defense of this civil matter if the Court finds that they had an absolute defense as provided in §563.074.1 R.S.Mo.

68.     In further answer to Plaintiff's Petition and by way of Affirmative Defense, Defendants state that any request by Plaintiff for joint and several liability should be denied or otherwise dismissed until it is judicially determined any Defendant is fifty-one percent (51%) or more at fault for Plaintiffs' damages, all said damages being expressly denied, under §537.067 R.S.Mo.

69.     In further answer to Plaintiffs' Petition and by way of Affirmative Defense, Answering Defendants state they are entitled to a reduction or setoff for any amount that has been paid or may be paid to Plaintiff in settlement by any co-Defendant, or other person or entity pursuant to §537.060 R.S.Mo.

70.     Answering Defendants incorporate by reference and adopt all applicable Affirmative Defenses asserted by all other co-defendants herein.

71.     Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

## **DEMAND FOR JURY TRIAL**

Defendants hereby request a trial by jury of all issues and claims.

WHEREFORE, Defendants City of Clever, Missouri, Darren Whisnant, having fully answered Plaintiff's Petition and raised their affirmative defenses, hereby pray the Court to dismiss Plaintiff's Petition and award the District its costs of this action, and for such other further relief as this Court deems just and proper.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele

Christopher L. Heigele      MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANTS CITY
OF CLEVER, MISSOURI, and DARREN
WHISNANT

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing was filed with the Court through its electronic

filing system on December 14, 2020, with a copy via electronic mail to:

Brandon Stafford #60211
BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
Telephone: (417) 485-4545
Fax:      (417) 485-4546
brandonstaffordlaw@sbcglobal.net

Attorney for Plaintiff


Greg A. Kinney #45471
Hepler Broom LLC
211 N. Broadway, Suite 2700
St. Louis, MO 63102
Telephone: (314) 241-6160
Fax:      (314) 241-6116
gak@heplerbroom.com

Attorneys for Defendant Martin Minnis

David S. Baker #30347
Fisher Patterson Sayler & Smith LLP
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
Telephone: (913) 339-6757
Fax:      (913) 339-6187
dbaker@fpsslaw.com

Attorneys for Defendants Christian County,
Missouri, Loe, Hill and Guinn


/s/ Christopher L. Heigele
Attorney for Defendants

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| KEITH L. TRIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Cause No.: 20CT-CC00211 | |
| | ) | |
| CHRISTIAN COUTY, MISSOURI, | ) | |
| CITY OF CLEVER, MISSOURI, | ) | |
| DAVID LOE, | ) | |
| RICK HILL, | ) | |
| TREVOR GUINN, | ) | |
| DARREN WHISNANT, | ) | |
| MARTIN MINNIS, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) **DEFENDANT DEMANDS JURY TRIAL** | |

## ANSWER OF DEFENDANT MARTIN MINNIS TO PETITION

COMES NOW Defendant Martin Minnis, by and through his undersigned counsel, and for his Answer to Plaintiff's Petition states as follows:

1.     Admit.

2.     Admit.

3.     Admit.

4.     Admit.

5.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of the allegations contained in paragraph 5 are deemed to be factual allegations against this Defendant, Defendant denies.

6.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of the

allegations contained in paragraph 6 are deemed to be factual allegations against this Defendant, Defendant denies.

7.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of the allegations contained in paragraph 7 are deemed to be factual allegations against this Defendant, Defendant denies.

8.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of the allegations contained in paragraph 8 are deemed to be factual allegations against this Defendant, Defendant denies.

9.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of the allegations contained in paragraph 9 are deemed to be factual allegations against this Defendant, Defendant denies.

10.     Admit.

11.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of the allegations contained in paragraph 11 are deemed to be factual allegations against this Defendant, Defendant denies.

12.     Defendant admits the allegations against this Defendant set forth in paragraph 12. Defendant makes no answer to the remaining allegations as they do not set forth any factual allegations against this Defendant, and as such no response is required.    To the extent that any of

the remaining allegations contained in paragraph 12 are deemed to be factual allegations against this Defendant, Defendant denies.

13.     Admit the alleged events occurred in Christian County, but Defendant denies the acts as alleged and denies plaintiff has any cause of action herein.

14.     Defendant states that this paragraph does not set forth any factual allegations against this Defendant, and as such no response is required.   To the extent that any of the allegations contained in paragraph 14 are deemed to be factual allegations against this Defendant, Defendant denies.

## COUNT I

15-50. This Count is not directed against this Defendant and as such no response is required.  To the extent any allegation in Paragraphs 15-50 is deemed a factual averment against this Defendant, this Defendant denies.

## COUNT II

51-58. This Count is not directed against this Defendant and as such no response is required.  To the extent any allegation in Paragraphs 51-58 is deemed a factual allegation against this Defendant, this Defendant denies.

## COUNT III

59.     Defendant restates and incorporates herein his responses to paragraphs 1, 4, 10, 12, 13 and 14 as and for his response to paragraph 59.

60.     Admit.

61.     Defendant denies.

62.     Defendant admits the first phrase of paragraph 62, but denies the remainder of paragraph 62.

Electronically Filed - Christian - December 21, 2020 - 09:29 AM

63. Defendant denies allegations of paragraph 63 as written. When it was determined plaintiff had legal license plates and had done nothing unlawful, plaintiff was released.

64. Defendant denies.

65. Defendant objects to his paragraph as it states a legal conclusion. Answering further, Defendant denies any factual allegations against defendant set forth in paragraph 65.

66. Defendant objects to his paragraph as it states a legal conclusion. Answering further, Defendant denies.

67. Defendant objects to his paragraph as it states a legal conclusion. Answering further, defendant denies any factual allegations against defendant set forth in paragraph 67.

68. Defendant denies.

69. Admit.

70. Defendant denies.

71. Defendant denies.

WHEREFORE, having fully answered Count III of Plaintiff's Petition, defendant Martin Minnis prays for judgment in his favor on Count III of the Petition, for his costs, attorney fees and for such further relief this court deems just.

**JURY TRIAL DEMANDED**

<u>**COUNT IV**</u>

72-80. This Count is not directed against this Defendant and as such no response is required. To the extent any allegation in Paragraphs 72-80 is deemed a factual averment against this Defendant, this Defendant denies.

## COUNT V

81-88. This Count is not directed against this Defendant and as such no response is required. To the extent any allegation in Paragraphs 81-88 is deemed a factual averment against this Defendant, this Defendant denies.

## GENERAL DENIAL

Defendant denies generally each and every allegation directed against him contained in Plaintiff's Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Martin Minnis and sets forth the following Affirmative Defenses to Plaintiff's Petition:

1. The Petition fails to state a claim upon which relief can be granted.

2. The conduct of defendant did not rise to the level of a Constitutional violation.

3. To the extent Plaintiff's Petition attempts to state any cause of action under Missouri State law, Defendant is protected from liability by virtue of Missouri's sovereign immunity statute, §537.600, *et seq.*, R.S.Mo., official immunity and/or the public duty doctrine.

4. At all times relevant hereto, Defendant was acting under legal authority and in good faith and as such, Plaintiff's claims herein are barred.

5. Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, *res judicata,* collateral estoppel, issue preclusion and/or claim preclusion.

6. Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by defendant and defendant is protected from liability by the doctrines of qualified immunity and/or official immunity.

7.     Defendant specifically denies that Plaintiff's rights were violated, and state that all acts taken with regard to Plaintiff, if any, were legally justified, supported by reasonable suspicion and/or probable cause, were reasonable and necessary under the circumstances therein existing.

8.     Defendant states that he acted with objective reasonableness under the circumstances then existing, and any conduct was justified and/or privileged.

9.     If Plaintiff has been damaged, which Defendant denies, the fault of Plaintiff constitutes the sole, intervening and superseding cause of Plaintiff's alleged damages.

10.     Plaintiff has not suffered any actual injury as a result of any conduct of Defendant.

11.     If plaintiff was deprived of Constitutional rights, which Defendant denies, such deprivation was not as a result of any deliberate indifference on the part of Defendant.

12.     The allegations against Defendant in his official capacity are barred as redundant of the allegations set forth against The City of Clever pursuant to applicable law.

13.     To the extent Plaintiff attempts to seek punitive damages against Defendant, Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

a.   The standards by which Defendant's conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

b.   The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendant of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

c.   Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

d.   Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

e. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

f. Plaintiff's request for punitive damages cannot protect Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

g. An award of punitive damages would violate Defendant's due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991);

h. To the extent Defendant is being sued in his representative or official capacity, Plaintiff is not entitled to any punitive damage award against him because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247(1981).

i. To the extent Defendant is being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 R.S.Mo.

j. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

k. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

l. An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

m. An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

n. An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22; and

o. Missouri Revised Statute Section 510.265(1) and the Missouri Approved Jury Instructions relating to punitive damages are unconstitutional and deprive Defendant of Due Process of Law and Equal Protection of Law in that: (1) they fail to contain adequate substantive, procedural and instructional safeguards, thereby permitting juries to base punitive

Electronically Filed - Christian - December 21, 2020 - 09:29 AM

damages on impermissible evidence and upon acts, conduct and/or defects that do not and cannot form a constitutionally sound basis for the award of punitive damages; (2) the award of punitive damages is not tied to specifically proven items of damages; and, (3) the upper limit of recoverable punitive damages is the same regardless of the degree of culpability or the nature of the conduct, permitting and mandating the same award in cases not involving actual malice as can be awarded in the cases of the most egregious conduct. In the context of the holdings of the United States Supreme Court in Exxon Shipping Co. v. Baker, 554 U.S. 471 (U.S. 2008), the amount of any punitive damage award should be limited to an amount not exceeding the amount of compensatory damages (if any) awarded in this action. The unpredictability of high punitive awards is in tension with their punitive function because of the implication of unfairness that an eccentrically high punitive verdict carries.

14. Plaintiff's claim for attorney's fees should be denied or dismissed because there is no statutory or contractual authority for the award of plaintiff's fees and expenses. See Mayor, Councilmen, & Citizens of City of Liberty v. Beard, 636 S.W.2d 330, 331 (Mo. 1982)("The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorneys' fees [American Rule].")

15. Plaintiff's claimed damages should be denied or dismissed based on a failure to mitigate his damages, if any, said damages being specifically denied.

16. Pursuant to §563.074 R.S.Mo., the Court must award Defendant his attorneys' fees, costs and all reasonable expenses incurred in the defense of this civil matter if the Court finds that defendant had an absolute defense as provided in §563.074.1 R.S.Mo.

17. Defendant is entitled to a reduction or setoff for any amount that has been paid or may be paid to Plaintiff in settlement by any co-Defendant, or other person or entity pursuant to §537.060 R.S.Mo.

18. Defendant incorporates by reference and adopts all applicable Affirmative Defenses asserted by all other co-Defendants herein.

19.     Defendant hereby gives notice that he intends to rely upon any additional affirmative defenses that may become available or apparent during the course of the ongoing investigation and/or discovery and hereby reserves the right to amend his answer concerning any such defenses.

WHEREFORE, Defendant Martin Minnis prays that the Petition be dismissed, for his costs, attorney fees, and for such further relief this court deems just.

HEPLERBROOM LLC


By:    /s/ Gregg A. Kinney
       Gregg A. Kinney #45471
       211 North Broadway, Suite 2700
       St. Louis, MO 63102
       Telephone:  314-241-6160
       Facsimile:  314-241-6116
       gak@heplerbroom.com
       *Attorneys for Defendant Martin Minnis*


## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record.


*/s/ Gregg A. Kinney*

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                              )
                                             )
           Plaintiff,                        )
                                             )
vs.                                          )     Case No.:  20CT-CC00211
                                             )
CHRISTIAN COUNTY, MISSOURI, et al.,          )
                                             )
           Defendants.                       )

## JOINT MOTION FOR PROTECTIVE ORDER

**COME NOW** the parties, by and through their undersigned and respective attorneys of record, pursuant to Mo. Sup. Ct. R. 56.01(c)(2), and hereby respectfully move this Court for issuance of a Protective Order providing for discovery of confidential records and other sensitive information only on specified terms and conditions, and restricting use and dissemination of such records or information secured through formal or informal discovery in this case.  As grounds for their motion, the parties jointly state to the Court as follows:

1.      This is a civil action involving common law claims of false arrest and malicious prosecution made by Plaintiff against two governmental entities and law enforcement officials employed by those entities.

2.      The parties anticipate that they will exchange information and take depositions concerning personnel records of parties and non-parties, confidential reports, medical records, the internal policies and procedures of law enforcement entities, and other documents and tangible things which would otherwise be considered confidential, privileged, and/or sensitive.

3.      The production of these documents and tangible things, and the taking of depositions, will be impaired and hindered by the lack of an appropriate Protective Order controlling the use, dissemination and disclosure of these materials and information.

{00359957}                                   1

4.     Realizing that a Protective Order would be beneficial to the parties and the discovery process, the parties have conferred and reached an agreement with regard to an appropriate proposed Protective Order concerning these documents and information. The parties' proposed Protective Order will be electronically submitted in Word format to the Court.

5.     Pursuant to Mo. Sup. Ct. R. 56.01(c), this Court has the authority to issue the requested Protective Order.

WHEREFORE, based upon the above and foregoing, the parties jointly request this Court enter a Protective Order in the form attached hereto, together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,


  /s/ C. Brandon Stafford
C. Brandon Stafford                                      #60211
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
BrandonStaffordLaw@sbcglobal.net
(417) 485-4545; (417) 485-4546
*Attorneys for Plaintiff*


  /s/ Gregg A. Kinney
Gregg A. Kinney                                          #45471
HelperBroom
211 N. Broadway, Suite 2700
St. Louis, MO 63102
gak@heplerbroom.com
(314) 241-6160; Fax: (314) 241-6116
*Attorneys for Defendant Minnis*

/s/ Christopher L. Heigele
Christopher L. Heigele                          #45733
Baty Otto Coronado PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
cheigele@batyotto.com
(816) 410-6527; Fax:  (816) 260-3579
*Attorneys for Defendants City of Clever, Missouri and*
*Whisnant*


/s/ David S. Baker
David S. Baker                                  #30347
Fisher, Patterson, Sayler & Smith, LLP
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri,*
*Loe, Hill and Guinn*

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                                    )
                                                   )
            Plaintiff,                             )
                                                   )
vs.                                                )        Case No.: 20CT-CC00211
                                                   )
CHRISTIAN COUNTY, MISSOURI, et al.,                )
                                                   )
            Defendants.                            )

## CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Christian County, by and through its undersigned counsel of record, pursuant to Rule 74.04(b), and respectfully moves the Court to enter Judgment in its favor on the claims and theories of recovery presented against it in this case. Summary judgment is appropriate because the record establishes Plaintiff did not plead an exception to Christian County's sovereign immunity. Alternatively, summary judgment is warranted because even if such an allegation had been made, the uncontroverted material facts establish no exception to or waiver of sovereign immunity exists in this case as to Christian County. As grounds for its motion, Christian County states and alleges to the Court as follows.

1.      This is a lawsuit in which Plaintiff attempts to allege Christian County is liable on common law claims of false arrest and false imprisonment (Count I) and malicious prosecution (Count II). No other theories of recovery against Christian County are contained within the Petition.

2.      Sovereign immunity in Missouri is codified at R.S.Mo. § 537.600. This statute provides counties with immunity from common law torts except for the negligent operation of a motor vehicle or the dangerous condition of the entity's property. R.S.Mo. § 537.600.1(1) and (2).

Additionally, sovereign immunity is waived to the extent a governmental entity has purchased applicable insurance coverage. R.S.Mo. § 537.610.1.

3. Sovereign immunity is not an affirmative defense and, therefore, a plaintiff has the burden of affirmatively pleading an exception to sovereign immunity.

4. The Petition in this case does not contain any allegation that sovereign immunity is inapplicable to Christian County.

5. Alternatively, even if the Petition had alleged Christian County waived sovereign immunity through the purchase of applicable insurance, that allegation cannot survive the undisputed material fact that Christian County has not waived sovereign immunity by purchasing applicable insurance coverage. This results from the fact the Coverage Documents specifically preserve and do not waive sovereign immunity.

6. Because the claims asserted against it in Counts I and II are barred by sovereign immunity, Christian County is entitled to Judgment in its favor and dismissal from this lawsuit.

7. This Court is empowered to grant the relief sought herein because it is authorized by Rule 74.04(b).

8. Christian County incorporates herewith its Statement of Uncontroverted Material Facts and Supporting Suggestions in Support of this Motion as though said pleadings had been set forth at length herein.

WHEREFORE, based upon the above and foregoing, Christian County respectfully moves this Court to enter its Order granting Judgment in its favor on the claims and theories of recovery presented against it in this matter, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ David S. Baker
David S. Baker                                    #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri,
Loe, Hill and Guinn*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2021, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Gregg A. Kinney
HelperBroom
211 N. Broadway, Suite 2700
St. Louis, MO 63102
*Attorneys for Defendant Minnis*

Christopher L. Heigele
Baty Otto Coronado PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri and
Whisnant*


  /s/ David S. Baker
DAVID S. BAKER

Electronically Filed - Christian - February 23, 2021 - 04:56 PM

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | | |
|---|---|---|
| KEITH L. TRIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 20CT-CC00211 |
| | ) | |
| CHRISTIAN COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF**
**CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

This case is connected to the death of an infant on January 21, 2018, in Christian County, Missouri. Petition, ¶ 16. The mother of the infant is Amber Weeks, Plaintiff's niece. *Id.* at ¶ 17. The death was investigated by law enforcement officers from the City of Clever as well as members of the Christian County Sheriff's Office. *Id.* at ¶ 16. As a result of that investigation, Plaintiff was charged with various felonies of endangering three children. *Id.* at ¶ 20. Those charges were filed and remained pending in Christian County from July 20, 2018 until they were dismissed on April 29, 2020. *Id.* at ¶¶ 20 and 43. The Petition alleges the charges were without merit and should never have been filed. *Id.* at ¶ 42.[1]

Relief is sought against Christian County only in Counts I and II. Those Counts contain common law claims for false arrest and false imprisonment (Count I) and malicious prosecution (Count II). The question presented in this motion is whether the theories of recovery against

---

[1] The Petition contains other allegations about subsequent investigations conducted by the City of Clever. However, because Christian County is not implicated in those allegations, the recitation of those facts are unnecessary to the determination of this motion.

Christian County are barred by sovereign immunity. For the reasons suggested below, that question must be answered affirmatively.

## II. STANDARD OF REVIEW

The applicable standard of review of a summary judgment was discussed in *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

> When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*ITT*, 854 S.W.2d at 376 (internal citations omitted). As the Supreme Court further explained:

> [A] 'defending party' may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* at 381 (emphasis in original).

## III. DISCUSSION

Missouri has a broad and comprehensive sovereign immunity statute. Specifically, R.S.Mo. § 537.600.1 waives sovereign immunity in only two situations: "where a public employee negligently operates a motor vehicle during the course of employment and thereby causes injury, sec. 537.600.1(1) (the 'negligent driving' exception) and where the injury results from a dangerous condition of public property, sec. 537.600.1(2) (the 'dangerous condition' exception)." *Hensley v. Jackson County*, 227 S.W.3d 491, 493 (Mo. banc 2007). Further, "[u]nder Missouri law, public entities enjoy sovereign immunity, even where the cause of action against the entity is pleaded as an intentional tort." *Missouri Public Entity Risk Management Fund v. Investors Insurance Co. of*

*America*, 338 F.Supp. 2d 1046, 1051 (W.D. Mo. 2004); *Bennartz v. City of Columbia*, 300 S.W.3d 251, 262 (Mo. App. 2009) (sovereign immunity shields entities not just from claims of negligence, it "shields municipalities from liability even for intentional torts"). In addition to the "negligent driving" and "dangerous condition" exceptions, sovereign immunity is waived through the purchase of applicable insurance coverage. R.S.Mo. § 537.610.1.

The defense of sovereign immunity is not an affirmative defense. *Townsend v. Eastern Chemical Waste Systems*, 234 S.W.3d 452, 470 (Mo. App. 2007) (stating it is "well settled in Missouri that sovereign immunity is not an affirmative defense"); *Maune v. City of Rolla*, 203 S.W.3d 802, 804 (Mo. App. 2006) ("sovereign immunity is not an affirmative defense"). And because it is not an affirmative defense, it is a plaintiff's burden to plead facts showing that an exception to sovereign immunity applies. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo. App. 2009) ("Missouri courts have routinely held that sovereign immunity is not an affirmative defense and that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity"); *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487, 491 (Mo. App. 2009) ("[t]he liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies").

The Petition does not contain any allegation that Christian County's sovereign immunity is inapplicable or has been waived. There is, for example, no allegation that Plaintiff's injuries arose out of the negligent operation of a motor vehicle or the result of the dangerous condition of the county's property. Instead, it is alleged Plaintiff's claims arise out of a law enforcement investigation performed incorrectly. However, the Missouri Supreme Court has previously held

{00358655}

3

this type of activity falls within the protections afforded by the sovereign immunity statute. *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 371 (Mo. banc 2016) ("The operation of a police department is a governmental function whereby sovereign immunity attaches to the municipality"). *See also Carmelo v. Miller*, 569 S.W.2d 365, 368 (Mo. App. 1978) ("[t]he operation and maintenance of a police force for the City of St. Louis is a governmental function"); *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo. App. 1983) ("sovereign immunity attaches to the operation and maintenance of a police force"). Because no exception to sovereign immunity has been pleaded, Christian County is entitled to entry of Judgment in its favor on the claims presented against it in this case.

Alternatively, even if the Petition alleged Christian County had waived sovereign immunity through the purchase of applicable insurance, the record before this Court demonstrates such an allegation would be unsupportable and contrary to the undisputed material facts. There are three different Coverage Documents issued by Midwest Public Risk of Missouri covering the time period at issue in this lawsuit. *See* Statement of Uncontroverted Material Facts, ¶¶ 1 and 2. Midwest Public Risk is the only company providing liability insurance to Christian County. *Id.* at ¶ 2. Each of the Coverage Documents contain identical language concerning sovereign immunity.

> 1.08    This Coverage Document or any amendment to it is not intended to, nor does it waive, nor shall it be construed as waiving in any way whatsoever, any sovereign immunity or official immunity provided to the **Member Entities** or their officials, officers or **employees** by the Constitution of the State of Missouri or by any federal, state, or local law, ordinance or custom. Each **Member Entity** is obligated to assert sovereign or official immunity when such defense(s) are applicable. The terms "sovereign immunity" and "official immunity" shall be given the broadest interpretation allowed by law.

*Id.* at ¶ 3 (emphasis in original).

The Coverage Documents effectively preserve Christian County's sovereign immunity. *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 246 (Mo. App. 2007) ("a public entity retains its full sovereign immunity when the insurance policy contains a disclaimer stating that the entity's procurement of the policy was not meant to constitute a waiver of sovereign immunity"). In *State ex rel. Grandview*, the Supreme Court considered similar language in connection with an argument that sovereign immunity had been waived. In that case, the insurance policy stated:

> This policy and any coverages associated therewith does not constitute, nor reflect an intent by you, to waive or forego any defense of sovereign and governmental immunity available to any insured, whether based upon statute(s), common law or otherwise, including Missouri Revised Statute Section 537.610 or any amendments; or Missouri Revised Statute Section 72.185 or any amendments.

*State ex rel. City of Grandview*, 490 S.W.3d at 371. The Supreme Court concluded this language preserved sovereign immunity. "While the City purchased insurance coverage, the policy expressly disclaims a waiver of sovereign immunity, and provides coverage to the City only for those claims for which sovereign immunity has been statutorily waived. Therefore, the City did not waive sovereign immunity when it purchased an insurance policy that disclaimed coverage for actions that would be prohibited by sovereign immunity." *Id.* at 372. Consistent with this authority, it is clear Christian County has not waived its sovereign immunity through the purchase of applicable insurance coverage.

## IV. CONCLUSION

For the reasons discussed above, it is respectfully submitted the claims presented against Christian County are barred by sovereign immunity. Therefore, the pending motion should be granted and judgment entered in favor of Christian County on all claims and theories presented against it.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ David S. Baker
_____
David S. Baker                   #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri,*
*Loe, Hill and Guinn*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 23, 2021, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Gregg A. Kinney
HelperBroom
211 N. Broadway, Suite 2700
St. Louis, MO 63102
*Attorneys for Defendant Minnis*

Christopher L. Heigele
Baty Otto Coronado PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri and*
*Whisnant*


  /s/ David S. Baker
_____
DAVID S. BAKER

{O0358655}                6

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                          )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )     Case No.: 20CT-CC00211
                                         )
CHRISTIAN COUNTY, MISSOURI, et al.,      )
                                         )
          Defendants.                    )

**STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

COMES NOW Defendant Christian County, by and through its undersigned counsel of record, and consistent with Rule 74.04(c)(1) provides the following Statement of Uncontroverted Material Facts.

1.    According to the Petition, the events at issue in this lawsuit involving Christian County began on January 21, 2018 with the death of an infant and ended on April 29, 2020, when the charges against Plaintiff were finally dismissed. Petition, ¶¶ 16 and 43.

2.    During these times the only liability insurance coverage Christian County had was that provided by Midwest Public Risk in one policy covering the time period of July 1, 2017 until June 30, 2018; one covering the period of July 1, 2018 until June 30, 2019; and a third covering the period of July 1, 2019 through June 30, 2020. Affidavit of Amber Bryant, ¶¶ 3-6. The Affidavit of Amber Bryant has been labeled as Exhibit A and is attached.

3.    Each of the three Midwest Public Risk coverage documents issued to Christian County contained identical paragraphs concerning sovereign immunity. The paragraphs concerning sovereign immunity are labeled as paragraph number 1.08 and can be found on Exhibit A.1 at p. COUNTY000004, Exhibit A.2 at p. COUNTY000031, and Exhibit A.3 at p. COUNTY000073. Paragraph 1.08 of each of these coverage documents provides:

1.08   This Coverage Document or any amendment to it is not intended to, nor does it waive, nor shall it be construed as waiving in any way whatsoever, any sovereign immunity or official immunity provided to the **Member Entities** or their officials, officers or **employees** by the Constitution of the State of Missouri or by any federal, state, or local law, ordinance or custom. Each **Member Entity** is obligated to assert sovereign or official immunity when such defense(s) are applicable. The terms "sovereign immunity" and "official immunity" shall be given the broadest interpretation allowed by law.

Exhibit A, ¶ 7; Exhibit A.1, p. 000004; Exhibit A.2, p. 000031; and Exhibit A.3, p. 000073.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

_/s/ David S. Baker_
David S. Baker                                    #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri, Loe, Hill and Guinn*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2021, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to all parties of record as listed below. I further certify that a Word version of this document was sent via e-mail to each of the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Gregg A. Kinney
HelperBroom
211 N. Broadway, Suite 2700
St. Louis, MO 63102
*Attorneys for Defendant Minnis*

Christopher L. Heigele
Baty Otto Coronado PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri and Whisnant*

  /s/ David S. Baker

DAVID S. BAKER

Electronically Filed - Christian - February 23, 2021 - 04:56 PM

Electronically Filed - Christian - March 05, 2021 - 02:49 PM

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                          )
                                         )
            Plaintiff,                   )
      v.                                 )
                                         )    Case No. 20CT-CC00211
CHRISTIAN COUNTY, ET AL.                 )
                                         )
            Defendants.                  )

## MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through counsel, and for his Motion to Extend Time to Respond to Motion for Summary Judgment respectfully states that:

1. Defendant Christian County filed a Motion for Summary Judgment on February 23, making a response due by March 25.

2. This case was filed recently, in October, 2020, and the original judge recused.

3. Plaintiff propounded discovery to Defendant Christian County, which responded with several objections that have not yet been ruled on.

4. Plaintiff needs time to attempt to resolve said objections and then to call them up for hearing if they cannot be resolved.

5. Furthermore, as initially requested by Defendant Christian County, the parties submitted a joint motion for protective order regarding discovery matters but the order has not yet been entered. An order was circulated for approval, and it is believed the parties approved, but it apparently has not been filed.

6. Plaintiff requires more time to respond to the Motion for Summary Judgment due to the aforementioned issues, and after they are resolved, to determine if an amended

petition needs to be filed.

WHEREFORE, Plaintiff respectfully requests that the time to respond to Defendant Christian County's Motion for Summary Judgment be extended by no less than 60 days so that his response is due on May 24, 2021 and for such other and further relief as the court deems just and proper.

BRANDON STAFFORD LAW LLC

By /s/ Brandon Stafford
C. Brandon Stafford
MO Bar #60211

C. Brandon Stafford
BRANDON STAFFORD LAW LLC
202 E Elm, Suite A
Ozark, MO 65721
Phone:(417) 485-4545
Fax:(417) 485-4546
E-mail: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify a true copy of the foregoing is being filed as required through the electronic filing system so that registered attorneys of record are served and notified, all on March 5, 2021.

By /s/ Brandon Stafford

Electronically Filed - Christian - March 05, 2021 - 02:49 PM

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | | |
|---|---|---|
| KEITH L. TRIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 20CT-CC00211 |
| | ) | |
| CHRISTIAN COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CHRISTIAN COUNTY'S RESPONSE TO
## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

COMES NOW Defendant Christian County, by and through its undersigned counsel of record, and states it has no objection to Plaintiff's request for a 60-day enlargement of time to respond to the pending summary judgment motion, which means the response would be due on or before May 24, 2021.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


　　/s/ David S. Baker
David S. Baker                                   #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri,*
*Loe, Hill and Guinn*

{O0360376}                                   1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Gregg A. Kinney
HelperBroom
211 N. Broadway, Suite 2700
St. Louis, MO 63102
*Attorneys for Defendant Minnis*

Christopher L. Heigele
Baty Otto Coronado PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri
and Whisnant*

               /s/ David S. Baker
               DAVID S. BAKER

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY
STATE OF MISSOURI

KEITH L. TRIPP,                              )
                                            )
    Plaintiff,                          )
                                            )
    v.                                  ) Cause No.: 20CT-CC00211
                                            )
CHRISTIAN COUTY, MISSOURI,                   )
CITY OF CLEVER, MISSOURI,                    )
DAVID LOE,                                   )
RICK HILL,                                   )
TREVOR GUINN,                                )
DARREN WHISNANT,                             )
MARTIN MINNIS, and                           )
JOHN DOE,                                    )
                                            )
    Defendant.                          )

## **STIPULATION FOR DISMISSAL OF COUNT III ONLY**

It is hereby stipulated by and between Plaintiff, Keith Tripp and Defendants, Martin Minnis and City of Clever, that Count III of Plaintiff's Petition against Defendants Martin Minnis and City of Clever, only, shall be dismissed *with prejudice* and each party to bear their own costs. All other counts and claims are to remain pending.

**SO ORDERED:**_____

**Date:**_____

BRANDON STAFFORD LAW, LLC

By: /s/ Brandon Stafford
Brandon Stafford #60211
202 E. Elm St., Ste A
Ozark MO 65721
417-485-4545
417-485-4546 fax
brandonstaffordlaw@sbcglobal.net
*Attorney for Plaintiff*

HEPLERBROOM LLC

By: */s/ Gregg A. Kinney*　`
Gregg A. Kinney #45471
211 N Broadway, Suite 2700
St. Louis, MO 63102
gak@heplerbroom.com
314-241-6160
314-241-6116
*Attorneys for Defendant*

Bᴀᴛʏ Oᴛᴛᴏ Cᴏʀᴏɴᴀᴅᴏ PC

By: */s/ Christpher L. Heigele*
Christopher L. Heigele #45733
Baty Otto Coronado PC
4435 Main Street, Ste. 1100
Kansas City, MO 64111
816-531-7200
816-531-7201 Fax
cheigele@batyotto.com
***Attorney for Defendant City of Clever, Missouri***

<br>

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY
STATE OF MISSOURI

KEITH L. TRIPP,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               ) Cause No.: 20CT-CC00211
                                         )
CHRISTIAN COUTY, MISSOURI,               )
CITY OF CLEVER, MISSOURI,                )
DAVID LOE,                               )
RICK HILL,                               )
TREVOR GUINN,                            )        *FILED*
DARREN WHISNANT,                         )        BARBARA D. STILLINGS
MARTIN MINNIS, and                       )        09:47 AM, 3/18/2021
JOHN DOE,                                )        CIRCUIT CLERK
                                         )        CHRISTIAN COUNTY
        Defendant.                       )

**STIPULATION FOR DISMISSAL OF COUNT III ONLY**

It is hereby stipulated by and between Plaintiff, Keith Tripp and Defendants, Martin

Minnis and City of Clever, that Count III of Plaintiff's Petition against Defendants Martin

Minnis and City of Clever, only, shall be dismissed *with prejudice* and each party to bear their

own costs. All other counts and claims are to remain pending.

SO ORD ~Laura J. Johnson~

Date: **3/17/2021**

BRANDON STAFFORD LAW, LLC

By: /s/ Brandon Stafford
Brandon Stafford #60211
202 E. Elm St., Ste A
Ozark MO 65721
417-485-4545
417-485-4546 fax
brandonstaffordlaw@sbcglobal.net
*Attorney for Plaintiff*

HEPLERBROOM LLC

By: /s/ Gregg A. Kinney
Gregg A. Kinney #45471
211 N Broadway, Suite 2700
St. Louis, MO 63102
gak@heplerbroom.com
314-241-6160
314-241-6116
*Attorneys for Defendant*

BATY OTTO CORONADO PC

By: */s/ Christpher L. Heigele*
Christopher L. Heigele #45733
Baty Otto Coronado PC
4435 Main Street, Ste. 1100
Kansas City, MO 64111
816-531-7200
816-531-7201 Fax
cheigele@batyotto.com
***Attorney for Defendant City of Clever, Missouri***

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| KEITH L. TRIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 20CT-CC00211 |
| | ) |
| CHRISTIAN COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

FILED
BARBARA D. STILLINGS
12:20 PM, 3/19/2021
CIRCUIT CLERK
CHRISTIAN COUNTY

## PROTECTIVE ORDER

**NOW** on this 18th day of March, 2021 the above-captioned matter comes on for consideration by the Court. The parties have jointly requested a Protective Order because they seek to discover and/or produce information, documents and tangible things concerning personnel records, police reports, business records, medical records, and the internal policies and procedures of multiple law enforcement agencies.

Due to the nature of the allegations contained in Plaintiffs' Petition, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential pursuant to the Missouri Open Records Act, R.S.Mo. § 610.021(13), and/or which may be confidential, privileged, sensitive and/or embarrassing, pursuant to Mo. Sup. Ct. R. 56.01(c). Therefore, this Court finds good cause exists for the entry of this Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.      All documents and/or tangible things produced by a party that are deemed governed by this Protective Order shall be stamped "**Confidential**" and will be considered subject to this Protective Order.

2.     Any party seeking to file a motion or other pleading supported by or referencing confidential information shall first file a motion with the Court seeking leave to file said motion or pleading under seal and be granted leave to file the particular document under seal.

3.     Any testimony, whether by deposition, interrogatory or otherwise by a party or witness in this action may be considered confidential for the purposes of this Order if the testimony relates to the information contained in the document and things marked "**Confidential**." In the context of a deposition, testimony may be designated as confidential by indicating on the record at the time of the deposition that such testimony is confidential and subject to this Protective Order. Within seven (7) days following the completion and delivery of the transcript of any deposition, a party may also designate testimony as confidential by identifying by page and line the information it considers to be confidential and subject to this Protective Order. The parties reserve the right to seek a Protective Order from the Court maintaining the confidentiality of the information at the time of trial.

4.     Except as provided for herein, testimony and documents designated as confidential shall be disclosed only to the parties, their counsel of record, their paralegals and clerical personnel, and to persons retained by counsel or the parties as consultants or experts. Counsel may mark confidential documents as deposition exhibits and show them to witnesses in depositions for the purpose of authenticating the document, obtaining an explanation of the document or impeaching a witness who testifies contrary to the document. Counsel shall not otherwise permit disclosure of any confidential information or documents or any portion or summary thereof.

5.     Documents or testimony designated as confidential and produced or provided in this litigation may be used only for the purposes of this litigation. Except as provided herein, no person having access to documents or testimony designated as subject to this Protective Order or

the information therein shall make public disclosure of those documents or testimony of that information without further Order of the Court or stipulation of all parties.

6.     If any party objects to another party's designation of a document or tangible thing as **"Confidential,"** the objecting party shall have the right to file a motion with the Court for the reversal of the **"Confidential"** designation upon a showing that there is no legitimate reason for the document or thing to be treated as confidential.

7.     All individuals having access to documents, tangible things or testimony designated as subject to this Protective Order and all individuals to whom the information or things therein is disclosed shall be required to sign a copy of the Acknowledgment Form attached hereto as Exhibit "1" indicating that they have read and agreed to abide by the terms of this Protective Order. Signed forms shall be maintained by counsel for each party and at the conclusion of this litigation, including any appeals, may be provided to counsel for the opposing party upon request.

8.     All documents and tangible things designated as subject to this Protective Order and all copies thereof must be returned to producing counsel within thirty (30) days after the termination of this litigation, including any appeal, or shall be certified to counsel as having been destroyed.

9.     Counsel's duties under Rule of Professional Conduct 4-1.22 for Retaining Client's Files are satisfied insofar as other parties' files are returned to the producing parties' counsel, or destroyed, upon termination of this litigation as set forth in paragraph 7 above.

10.     Nothing in this Protective Order affects the right of counsel to discuss with a party any relevant information contained in documents, tangible things or testimony designated as subject to this Protective Order.

11.    This Protective Order does not constitute a ruling on the question of whether any particular document or tangible thing is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document or thing.

12.    Prior to trial, the parties shall meet and confer concerning the extension of this Protective Order and its application to the use of confidential information, documents and tangible things at the time of trial. If necessary, the Court will review such confidential information and/or material in-camera and make a determination by separate order after briefing by the parties regarding the disputed information and/or material and its admissibility at trial.

**IT IS SO ORDERED.**

Dated: _3/18/2021_    _____
                              Judge

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )      Case No. 20CT-CC00211
CHRISTIAN COUNTY, ET AL.           )
                                   )
            Defendants.            )

## MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through counsel, and for his Motion to Extend Time to Respond to Motion for Summary Judgment respectfully states that:

1. Defendant Christian County filed a Motion for Summary Judgment on February 23, 2021.

2. The Court granted Plaintiff an extension of time to file a response pursuant to the parties' agreement.

3. Thereafter, Plaintiff received Defendant Christian County's discovery responses and document production, which are in excess of 3,000 pages.

4. Plaintiff's counsel contacted Defendant's counsel regarding an additional extension of time through June 30, 2021, which was agreed upon.

WHEREFORE, Plaintiff respectfully requests that his time to respond to Defendant Christian County's Motion for Summary Judgment be extended through June 30, 2021, as agreed upon by counsel, and for such other and further relief as the court deems just and proper.

BRANDON STAFFORD LAW LLC

By /s/ Brandon Stafford
C. Brandon Stafford
MO Bar #60211

C. Brandon Stafford
BRANDON STAFFORD LAW LLC
202 E Elm, Suite A
Ozark, MO 65721
Phone:(417) 485-4545
Fax:(417) 485-4546
E-mail: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify a true copy of the foregoing is being filed as required through the electronic filing system so that registered attorneys of record are served and notified, all on May 12, 2021.

By /s/ Brandon Stafford

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                          )
                                         )
          Plaintiff,                     )
                                         )
     vs.                                 )          Case No.:  20CT-CC00211
                                         )
CHRISTIAN COUNTY, MISSOURI, et al.,      )
                                         )
          Defendants.                    )

## RESPONSE TO CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - STATEMENT OF FACTS

COMES NOW Plaintiff, by and through counsel, and responds to Christian County's Motion for Summary Judgment - Statement of Facts as follows:

1. According to the Petition, the events at issue in this lawsuit involving Christian County began on January 21, 2018 with the death of an infant and ended on April 29, 2020, when the charges against Plaintiff were finally dismissed.  Petition, ¶¶ 16 and 43.

RESPONSE: Denied. The events at issue in the Petition involving Christian County contain allegations of events that occurred before the death of the infant, including that: Plaintiff did not live at the residence; the infant had medical problems since birth; and Gary Petree lived at the residence and was there when the infant died. See Petition at paragraphs 22, 23, 30, 34 and 35.

The Petition also contains allegations of events that occurred after the charges against Plaintiff were dismissed, including allegations of damages. See Petition at paragraphs 49 and 57.

1

2. During these times the only liability insurance coverage Christian County had was that provided by Midwest Public Risk in one policy covering the time period of July 1, 2017 until June 30, 2018; one covering the period of July 1, 2018 until June 30, 2019; and a third covering the period of July 1, 2019 through June 30, 2020. Affidavit of Amber Bryant, ¶¶ 3-6. The Affidavit of Amber Bryant has been labeled as Exhibit A and is attached.

RESPONSE: Denied and immaterial, based on liability insurance coverage not being at issue in the Petition, and not being raised by the statement of three facts alleged by Christian County, which does not properly raise any claim that any entity has sovereign immunity.

Denied: Each so-called "coverage document" states that it "is not now, nor has it ever been, a contract of liability insurance coverage and it is not a contract of insurance, nor is it to be construed as such…". See Exhibits A.1 at p. COUNTY000001; Exhibit A.2 at p. COUNTY 000028; and Exhibit A.3 at p. COUNTY000070, attached to Christian County's statement of facts. Christian County makes no citation to a "coverage document" where it is named, although there is reference to "Member Entities". See paragraph 2 and 3 of Christian County's statement of facts.

3. Each of the three Midwest Public Risk coverage documents issued to Christian County contained identical paragraphs concerning sovereign immunity. The paragraphs concerning sovereign immunity are labeled as paragraph number 1.08 and can be found on Exhibit A.1 at p. COUNTY000004, Exhibit A.2 at p. COUNTY000031, and Exhibit

A.3 at p. COUNTY000073. Paragraph 1.08 of each of these coverage documents provides:

> 1.08 This Coverage Document or any amendment to it is not intended to, nor does it waive, nor shall it be construed as waiving in any way whatsoever, any sovereign immunity or official immunity provided to the **Member Entities** or their officials, officers or **employees** by the Constitution of the State of Missouri or by any federal, state, or local law, ordinance or custom. Each **Member Entity** is obligated to assert sovereign or official immunity when such defense(s) are applicable. The terms "sovereign immunity" and "official immunity" shall be given the broadest interpretation allowed by law.

Exhibit A, ¶ 7; Exhibit A.1, p. 000004; Exhibit A.2, p. 000031; and Exhibit A.3, p. 000073.

RESPONSE: Plaintiff moves to strike this paragraph because it improperly lumps together different material facts in a single paragraph and does so without proper, specific reference to supporting documentation. Koman v. Kroenke, 913 S.W.2d 108, 110 (Mo.App.E.D.1995). Denied and immaterial because Christian County has not alleged facts showing entitlement to sovereign immunity. Denied: Each so-called "coverage document" states that it "is not now, nor has it ever been, a contract of liability insurance coverage and it is not a contract of insurance, nor is it to be construed as such…". See Exhibits A.1 at p. COUNTY000001; Exhibit A.2 at p. COUNTY 000028; and Exhibit A.3 at p. COUNTY000070, attached to Christian County's statement of facts. The "coverage documents" refer to "Member Entities" but nothing is referenced in Christian County's statement of facts showing that it is a "Member Entity". Exhibit A.1 at p. COUNTY000004, Exhibit A.2 at p. COUNTY000031, and Exhibit A.3 at p. COUNTY000073.

3

Respectfully submitted,

BRANDON STAFFORD LAW, LLC

By /s/ Brandon Stafford
      C. Brandon Stafford
      MO BAR # 60211

C. Brandon Stafford
BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
(417) 485-4545; FAX (417) 485-4546
Email: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed as required through the electronic filing system so that all registered attorneys of record are served and notified, all on June 30, 2021.

By /s/ Brandon Stafford

4

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                                    )
                                                   )
      Plaintiff,                              )
                                                   )
      vs.                                     )    Case No.:  20CT-CC00211
                                                   )
CHRISTIAN COUNTY, MISSOURI, et al.,                )
                                                   )
      Defendants.                             )

## PLAINTIFF'S LEGAL MEMORANDUM IN OPPOSITION TO CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Keith L. Tripp, by and through counsel, and for his legal memorandum in opposition to Christian County's Motion for Summary Judgment, states that:

1. Summary judgment rule and procedure.

Summary judgment can only be granted if the material facts submitted by the moving party are uncontroverted and show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Rule 74.04(c)(6). Rule 74.04(c)(1) provides that a statement of uncontroverted facts shall be attached to a motion for summary judgment. The facts come into a summary judgment record only per Rule 74.04(c)(1) and (2), that is, in a form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs. Lackey v. Iberia R-V Sch. Dist., 487 S.W.3d 57, 61-62 (Mo.App.S.D.2016).

The mere fact that a moving party can recite a list of uncontroverted facts is of no legal import until it can be shown that those facts establish a right to judgment as a matter

1

of law. <u>Midwest Crane & Rigging, Inc. v. Custom Relocation's Inc.</u>, 250 S.W.3d 757, 761

(Mo.App.W.D.2008). The purpose of this rule is to apprise opposing counsel, the trial

court, and the appellate court of the specific basis on which the movant alleges he is

entitled to summary judgment. <u>Id.</u> at 762.

Here, Christian County's Statement of Uncontroverted Facts which accompanies

its Motion for Summary Judgment contains only 3 facts and does not establish a right to

judgment as a matter of law.

2. Christian County's Motion for Summary Judgment is not properly supported

and does not establish entitlement to judgment as a matter of law. Christian County's first

statement of fact refers to two paragraphs of the Petition, apparently to establish a time

frame. Its second paragraph of fact refers to liability insurance coverage, something that

is not alleged in the Petition currently pending before the Court. Christian County

apparently attempts to create an issue concerning sovereign immunity, but alleges no

facts whatsoever to support a claim that it is entitled to sovereign immunity.

To be eligible for sovereign immunity, one requirement that must be shown is that

the entity must perform service traditionally performed by the government. <u>Stacy v.

Truman Med. Ctr.</u>, 836 S.W.2d 911, 919 (Mo.banc 1992)[abrogated on other grounds by

<u>Southers v. City of Farmington</u>, 263 S.W.3d 603 (Mo.banc 2008)].

A second requirement is that it must be shown that they are controlled by and

directly answerable to one or more public officials, public entities, or the public itself.

<u>Stacy</u>, 836 S.W.2d at 919. Sec. 537.600 RSMo contains a definition for public entity,

which does not appear to cover the situation at hand, and the term is essentially

2

undefined. See <u>Estes as Next Friend for Doe v. Board of Trustees of the Missouri Public</u> <u>Entity Risk Management Fund</u>, 2021 WL 966979 at 5-6 (Mo.App.W.D.2021).

The third requirement concerns what limitations if any apply to the creation of a public entity that will have the benefits of sovereign immunity. <u>Stacy</u>, 836 S.W.2d at 919.

The summary judgment facts must come into the record through the movant's statement of uncontroverted material facts. Christian County fails to allege any facts that would support its entitlement to sovereign immunity as stated in <u>Stacy</u>.

Paragraph three of Christian County's statement of facts is also in violation of Rule 74.04(c)(1). The paragraph combines three different sentences, with the last sentence containing a quote of what is referred to as a "coverage document."

Rule 74.04(c)(1) provides that the motion for summary judgment shall state with particularity and separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue to such facts. "Different material facts cannot be lumped together in a single paragraph. <u>Koman v.</u> <u>Kroenke</u>, 913 S.W.2d 108, 110 (Mo.App.E.D.1995) citing <u>Finley v. St. John's Mercy</u> <u>Med. Ctr.</u>, 903 S.W.2d 670, 672 (Mo.App.1995).

Furthermore, in each separately numbered paragraph, the moving party must give specific reference to the supporting documentation that creates the lack of a genuine issue as to such material facts. <u>Id</u>. The first sentence of paragraph three of Christian County's facts does not specifically refer to any pleadings, discovery or affidavit and is therefore not in compliance with the rule, and such paragraph 3 should be stricken.

3

Electronically Filed - Christian - June 30, 2021 - 04:36 PM

Based on its statement of facts, Christian County has not shown it is subject to sovereign immunity and has made no showing that it is a "Member Entity". Its "coverage documents" state that they are not contracts of liability insurance coverage. Given Christian County's complete lack of factual allegations to support what it may be attempting to claim, its Motion for Summary Judgment should be denied.

Respectfully submitted,

BRANDON STAFFORD LAW, LLC

By /s/ Brandon Stafford
    C. Brandon Stafford
    MO BAR # 60211

C. Brandon Stafford
BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
(417) 485-4545; FAX (417) 485-4546
Email: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing is being filed as required through the electronic filing system so that all registered attorneys of record are served and notified, all on June 30, 2021.

By /s/ Brandon Stafford

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                              )
                                             )
      Plaintiff,                      )
                                             )
  vs.                                      )   Case No.:  20CT-CC00211
                                             )
CHRISTIAN COUNTY, MISSOURI, et al.,          )
                                             )
      Defendants.                     )

## REPLY SUGGESTIONS IN SUPPORT OF
## CHRISTIAN COUNTY'S MOTION FOR SUMMARY JUDGMENT

    In its pending motion, Christian County presented two distinct reasons why summary judgment in its favor is proper.  First, because sovereign immunity is not an affirmative defense, it is a Plaintiff's obligation to allege facts showing sovereign immunity does not apply.  A review of the Petition confirms no exception to sovereign immunity has been pleaded.  Thus, Missouri's sovereign immunity statute, R.S.Mo. § 537.600.1, bars this claim.  Second, even *if* the Petition alleged sovereign immunity had been waived through the purchase of applicable insurance coverage, that contention could not succeed.  It was doomed to failure because the uncontroverted facts establish Christian County had not waived sovereign immunity.

    The claims presented against Christian County arise out of and concern allegations that members of the Christian County Sheriff's Office purportedly conducted a flawed criminal investigation of Plaintiff.  It is alleged that investigation gives rise to the claims of false arrest and false imprisonment (Count I) and malicious prosecution (Count II). Christian County respectfully submits neither of these claims to relief remotely implicate the two statutory exceptions to sovereign immunity:  (1) the negligent operation of a motor vehicle by the entity's employee; or

(2) the dangerous condition of the entity's property. R.S.Mo. § 537.600.1. *See also Hensley v. Jackson County*, 227 S.W.3d 491, 493 (Mo. banc 2007) (sovereign immunity is waived "where a public employee negligently operates a motor vehicle" . . . and "where the injury results from a dangerous condition of public property"). Moreover, the Missouri Supreme Court has previously concluded the operation by a public entity of a law enforcement agency falls within the protections afforded by the sovereign immunity statute. *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 371 (Mo. banc 2016) ("The operation of a police department is a governmental function whereby sovereign immunity attaches to the municipality").

The only meaningful attempt made by Plaintiff to avoid the conclusion that sovereign immunity bars this lawsuit is an assertion that R.S.Mo. § 537.600 does not define the term "public entity" and, therefore, it "does not appear to cover the situation at hand." Plaintiff's Opposing Legal Memorandum, pp. 2-3. However, well-established Missouri precedent demonstrates this argument is without merit. "A Missouri county enjoys sovereign immunity against claims for the negligence of its employees." *Moses v. County of Jefferson*, 910 S.W.2d 735, 736 (Mo. App. 1995). *See also Greene County v. Pennel*, 992 S.W.2d 258, 262 (Mo. App. 1999) ("Missouri counties ordinarily enjoy sovereign immunity from claims for the negligent acts and omissions of their employees").

It is well-established "[t]he sovereign immunity statute must be strictly construed." *Shifflette v. Mo. Dep't. of Nat. Resources*, 308 S.W.3d 331, 334 (Mo. App. 2010) quoting *State ex rel. Mo. Highway & Transp. Comm'n. v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998). Here, the Petition does not plead an exception to sovereign immunity as to Christian County. Thus, summary judgment in favor of Christian County is proper.

Electronically Filed - Christian - July 09, 2021 - 03:48 PM

The second basis for the pending motion is that even *if* the Petition alleged (or Plaintiff argued in opposition to this motion) that sovereign immunity had been waived through purchase of applicable insurance, that assertion is contrary to the uncontroverted facts. In its Statement of Uncontroverted Material Facts, Christian County succinctly and correctly cited to and provided information concerning the coverage documents provided by Midwest Public Risk to Christian County during the time relevant to this case. This Defendant did so in a manner entirely consistent with Rule 74.04(c)(1). Each statement of material fact was set forth with specificity and supported by an affidavit. Instead of challenging the statements of fact on their merit, Plaintiff attempts to avoid them by either arguing they are immaterial or "improperly lump" different material facts into a single paragraph. Plaintiff's Opposing Legal Memorandum, pp. 2 and 3. Respectfully, Christian County disagrees with Plaintiff's argument. For example, with regard to the assertion that paragraph 3 of the Statement of Uncontroverted Material Facts deals with "multiple" assertions, Christian County responds by simply pointing out this paragraph deals specifically and only with the verbatim language contained within the Coverage Document which clearly states it is not to be construed as a waiver of sovereign immunity. Ultimately, the question of whether the Statement of Uncontroverted Material Facts satisfies and is in compliance with Rule 74.04(c)(1) is a question of law for this Court to decide. Christian County submits its submitted facts clearly comply. Christian County further notes the Court need not even reach this question if it concludes, as argued in the first point, that an exception to sovereign immunity has not even been pleaded.

For the reasons discussed above, as well as those previously set forth in the earlier-filed submissions, it is respectfully submitted Christian County's Motion for Summary Judgment should be granted and this Defendant dismissed with prejudice from this lawsuit.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ David S. Baker
David S. Baker                                 #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757; Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri,*
*Loe, Hill and Guinn*

## CERTIFICATE OF SERVICE

     I hereby certify that on July 9, 2021, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Christopher L. Heigele
Baty Otto Coronado PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri*
*and Whisnant*


  /s/ David S. Baker
DAVID S. BAKER

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH TRIPP,  )
 )
                    Plaintiff,  )
 )
        v.  )     Case No. 20CT-CC00211
 )
CHRISTIAN COUNTY, MISSOURI,  )
et. al,  )
 )
                    Defendants.  )

**FILED**
02:06 PM, 8/31/2021
BARB STILLINGS,
CIRCUIT CLERK
CHRISTIAN COUNTY

## ORDER

Before the Court is Defendant Christian County, Missouri's Motion for Summary Judgment on Plaintiff's claims against it in Count I, False Arrest and False Imprisonment, and Count II, Malicious Prosecution, of the Petition on the ground those claims are barred by sovereign immunity. For the reasons set forth below, Defendant's Motion is denied.

In Missouri, a public entity is entitled to sovereign immunity even for intentional torts. *Bennartz v. City of Columbia,* 300 S.W.3d 251, 262 (Mo. App. 2009). Defendant County is a public entity that enjoys sovereign immunity." *Moses v. County of Jefferson,* 910 S.W.2d 735, 736 (Mo. App. 1995). It is Plaintiff's burden to plead and prove that a statutory waiver of sovereign immunity applies to his tort claims against Defendant County. *Richardson v. City of St. Louis,* 293 S.W.3d 133, 137 (Mo. App. 2009). Section 537.600, RSMo, waives sovereign immunity in only two circumstances: where the injury was caused by the negligent operation of a vehicle by a public employee and where the injury was caused by a dangerous condition of public property. These exceptions do not appear to apply to Plaintiff's claims of false arrest and malicious prosecution. Plaintiff has not pled that they do.

Under Section 537.610.1, RSMo, sovereign immunity is also waived by the purchase of applicable insurance. Again, Plaintiff has not pled that Defendant County had applicable insurance during the relevant period of time.

Plaintiff argues that Defendant's Statement of Uncontroverted Facts, consisting of three facts, is insufficient to support a summary judgment. Defendant County's three statements of fact assert that the insurance coverage held by Defendant County during the relevant time period expressly denied waiving sovereign immunity. Defendant County has provided an affidavit from the County's Director of Human Resources stating that the County's only insurance policies in 2017, 2018 and 2019 contained provisions expressly denying a waiver of sovereign immunity.

Plaintiff denies Defendant County's statements of fact on the grounds that the facts are immaterial, the insurance does not state it is liability insurance, and Christian County is not identified as a "Member Entity." The Court finds the affidavit of the Human Resources Director sufficient to establish the insurance coverage was the County's only coverage, and Christian County was a member entity. Accordingly, Plaintiff's denials are insufficient to establish a genuine issue of material fact as to Defendant County's insurance coverage.

The Court grants Defendant County's Motion for Summary Judgment on Counts I and II of the Petition. Plaintiff has not pled a waiver of sovereign immunity and, based on the allegations in the Petition, it does not appear that a waiver would be applicable. Furthermore, the summary judgment record is sufficient to demonstrate that Defendant County did not posses insurance coverage that waived sovereign immunity to Plaintiff's claims.

2

## **CONCLUSION**

The Court sustains Defendant Christian County's Motion for Summary Judgment on Counts I and II of Plaintiff's Petition.

IT IS SO ORDERED.

Date: August 31, 2021

_____
Laura Johnson, Circuit Judge

3

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH TRIPP,                          )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )      Case No. 20CT-CC00211
                                      )
CHRISTIAN COUNTY, MISSOURI,           )
*et. al,*                             )
                                      )
                    Defendants.       )

**FILED**
**12:39 PM, 9/1/2021**
**BARB STILLINGS,**
**CIRCUIT CLERK**
**CHRISTIAN COUNTY**

## AMENDED ORDER

This Order replaces the Court's Order dated August 31, 2021.

Before the Court is Defendant Christian County, Missouri's Motion for Summary Judgment on Plaintiff's claims against it in Count I, False Arrest and False Imprisonment, and Count II, Malicious Prosecution, of the Petition on the ground those claims are barred by sovereign immunity. For the reasons set forth below, Defendant's Motion is sustained.

In Missouri, a public entity is entitled to sovereign immunity even for intentional torts. *Bennartz v. City of Columbia,* 300 S.W.3d 251, 262 (Mo. App. 2009). Defendant County is a public entity that enjoys sovereign immunity." *Moses v. County of Jefferson,* 910 S.W.2d 735, 736 (Mo. App. 1995). It is Plaintiff's burden to plead and prove that a statutory waiver of sovereign immunity applies to his tort claims against Defendant County. *Richardson v. City of St. Louis,* 293 S.W.3d 133, 137 (Mo. App. 2009). Section 537.600, RSMo, waives sovereign immunity in only two circumstances: where the injury was caused by the negligent operation of a vehicle by a public employee and where the injury was caused by a dangerous condition of public property. These exceptions do not appear to apply to Plaintiff's claims of false arrest and malicious prosecution. Plaintiff has not pled that they do.

Under Section 537.610.1, RSMo, sovereign immunity is also waived by the purchase of applicable insurance. Again, Plaintiff has not pled that Defendant County had applicable insurance during the relevant period of time.

Plaintiff argues that Defendant's Statement of Uncontroverted Facts, consisting of three facts, is insufficient to support a summary judgment. Defendant County's three statements of fact assert that the insurance coverage held by Defendant County during the relevant time period expressly denied waiving sovereign immunity. Defendant County has provided an affidavit from the County's Director of Human Resources stating that the County's only insurance policies in 2017, 2018 and 2019 contained provisions expressly denying a waiver of sovereign immunity.

Plaintiff denies Defendant County's statements of fact on the grounds that the facts are immaterial, the insurance does not state it is liability insurance, and Christian County is not identified as a "Member Entity." The Court finds the affidavit of the Human Resources Director sufficient to establish the insurance coverage was the County's only coverage, and Christian County was a member entity. Accordingly, Plaintiff's denials are insufficient to establish a genuine issue of material fact as to Defendant County's insurance coverage.

The Court grants Defendant County's Motion for Summary Judgment on Counts I and II of the Petition. Plaintiff has not pled a waiver of sovereign immunity and, based on the allegations in the Petition, it does not appear that a waiver would be applicable. Furthermore, the summary judgment record is sufficient to demonstrate that Defendant County did not possess insurance coverage that waived sovereign immunity to Plaintiff's claims.

2

## **CONCLUSION**

The Court sustains Defendant Christian County's Motion for Summary Judgment on Counts I and II of Plaintiff's Petition.

IT IS SO ORDERED.

Date: September 1, 2021

Laura Johnson, Circuit Judge

3

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | | |
|---|---|---|
| KEITH L. TRIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 20CT-CC00211 |
| | ) | |
| CHRISTIAN COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTIAN COUNTY'S SUGGESTIONS IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PETITION**

COMES NOW Defendant Christian County, by and through its undersigned counsel of record, and offers the following Suggestions in Opposition to Plaintiff's Motion for Leave to File Amended Petition.

The proposed Amended Petition contains the following theories of recovery against Christian County:

Count I:       False arrest and false imprisonment;

Count II:      Malicious prosecution; and

Count VIII:    Civil rights violations under 42 U.S.C. § 1983.

Other than identifying Kainon Bouldin as a named Defendant, a comparison of the proposed Amended Petition to the original Petition contains no substantive changes, other than the addition of Count VIII. It is respectfully submitted Plaintiff should not be permitted to reassert the common law claims (Counts I and II) against Christian County. The reason for this is very simple: Christian County was previously granted summary judgment on both of these counts and Plaintiff has pleaded no new allegations of fact to alter that result. In short, there are no proposed allegations of fact sufficient to overcome Christian County's sovereign immunity.

"Although leave to amend should be freely granted, a court rightly refuses such a request if the requested amendment would not cure the deficiency." *Atkins v. Jester*, 309 S.W.3d 418, 425-26 (Mo. App. 2010) quoting *Asmus v. Capitol Region Family Practice*, 115 S.W.3d 427, 433 (Mo. App. 2003). Because the proposed Amended Petition does not plead any new facts to overcome Christian County's sovereign immunity, the proposed inclusion of Counts I and II as to Christian County is futile. "In these circumstances, where an amendment would be futile, the circuit court [does] not abuse its discretion in denying [plaintiff's] leave to amend." *Spencer v. State*, 334 S.W.3d 559, 573-74 (Mo. App. 2010).

This argument does not, however, apply to the inclusion of Christian County in Count VIII of the proposed amendment. This new count was not asserted in the original Petition. In short, Christian County recommends to the Court that Plaintiff should not be allowed to seek relief against it in either Count I or Count II, but that Count VIII may proceed.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ David S. Baker
David S. Baker                                    #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757;  Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri, Loe, Hill and Guinn*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

Electronically Filed - Christian - April 25, 2022 - 10:28 AM

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Christopher L. Heigele
Baty Otto Coronado Scheer, PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri,
and Whisnant*

     /s/ David S. Baker
DAVID S. BAKER

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                          )
                                         )
                    Plaintiff,           )
        v.                               )        Case No. 20CT-CC00211
                                         )
CITY OF CLEVER, MISSOURI, et al.         )
                                         )
                    Defendants.          )

## **MOTION FOR LEAVE TO FILE AMENDED PETITION**

COMES NOW Plaintiff, by and through counsel, and moves the court to grant him leave to file an amended petition in this case for the reasons that:

1. Leave to amend a petition shall be given freely when justice so requires. Rule 55.33.

2. Plaintiff desires to amend and supplement his petition to add allegations and counts that have been discovered or have come to light and are appropriate to add under the circumstances.

3. Plaintiff's proposed amended petition, a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference, also cleans up the pleadings by omitting dismissed parties and claims (in original Count III), and naming a previously unknown defendant, to better reflect the current status of the case. Plaintiff is aware of the court's grant of partial summary judgment for Christian County but such ruling is not a final judgment and he is not amending those allegations in any event; rather, he is incorporating those allegations into Count VIII and adding additional claims against Christian County in his proposed amended petition, so that party is included therein.

4. For the reasons stated herein, it would be most fair and just if Plaintiff were able to file the amended petition.

WHEREFORE, Plaintiff prays the court to grant him leave to file his amended petition and for such other and further relief as the court shall deem just and proper.

BRANDON STAFFORD LAW, LLC

By /s/ Brandon Stafford
  C. Brandon Stafford
  MO BAR # 60211

BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
(417) 485-4545; FAX (417) 485-4546
Email: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify a true copy of this document is being filed as required through the electronic filing system so that all registered attorneys of record are served and notified, on April 25, 2022.

By /s/ Brandon Stafford

Electronically Filed - Christian - April 25, 2022 - 12:14 PM

Electronically Filed - Christian - April 26, 2022 - 11:27 AM

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                          )
                                         )
          Plaintiff,                     )
                                         )
     vs.                                 )          Case No.:  20CT-CC00211
                                         )
CHRISTIAN COUNTY, MISSOURI, et al.,      )
                                         )
          Defendants.                    )

## CHRISTIAN COUNTY'S
## SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S
## APRIL 25, 2022, MOTION FOR LEAVE TO FILE AMENDED PETITION

COMES NOW Defendant Christian County, by and through its undersigned counsel of record, and offers the following Suggestions in Opposition to Plaintiff's April 25, 2022, Motion for Leave to File Amended Petition.[1]  For the reasons suggested below, Plaintiff should not be allowed leave to amend the Petition to assert any common law claims against Christian County. The reasons discussed below, however, do not apply to the federal civil rights claim Plaintiff seeks to assert in Count VIII of his proposed Petition.

The proposed Amended Petition contains the following theories of recovery against Christian County:

| Count I: | False arrest and false imprisonment; |
| Count II: | Malicious prosecution; |
| Count V: | False arrest and unlawful seizure; |
| Count VI: | False arrest; |
| Count VII: | False arrest; and |
| Count VIII: | Civil rights violations under 42 U.S.C. § 1983. |

---

[1] Plaintiff filed his first Motion for Leave to Amend on April 21, 2022.

With the exception of Count VIII, each of the claims Plaintiff wishes to advance against Christian County involves common law theories of recovery. As a governmental entity, Christian County enjoys sovereign immunity with regard to common law claims.

## MISSOURI'S SOVEREIGN IMMUNITY STATUTE

Missouri has a broad and comprehensive sovereign immunity statute. Specifically, R.S.Mo. § 537.600.1 waives sovereign immunity in only two situations: "where a public employee negligently operates a motor vehicle during the course of employment and thereby causes injury, sec. 537.600.1(1) (the 'negligent driving' exception) and where the injury results from a dangerous condition of public property, sec. 537.600.1(2) (the 'dangerous condition' exception)." *Hensley v. Jackson County*, 227 S.W.3d 491, 493 (Mo. banc 2007). Further, "[u]nder Missouri law, public entities enjoy sovereign immunity, even where the cause of action against the entity is pleaded as an intentional tort." *Missouri Public Entity Risk Management Fund v. Investors Insurance Co. of America*, 338 F.Supp. 2d 1046, 1051 (W.D. Mo. 2004); *Bennartz v. City of Columbia*, 300 S.W.3d 251, 262 (Mo. App. 2009) (sovereign immunity shields entities not just from claims of negligence, it "shields municipalities from liability even for intentional torts"). In addition to the "negligent driving" and "dangerous condition" exceptions, sovereign immunity is waived through the purchase of applicable insurance coverage. R.S.Mo. § 537.610.1.

The defense of sovereign immunity is not an affirmative defense. *Townsend v. Eastern Chemical Waste Systems*, 234 S.W.3d 452, 470 (Mo. App. 2007) (stating it is "well settled in Missouri that sovereign immunity is not an affirmative defense"); *Maune v. City of Rolla*, 203 S.W.3d 802, 804 (Mo. App. 2006) ("sovereign immunity is not an affirmative defense"). And because it is not an affirmative defense, it is a plaintiff's burden to plead facts showing that an exception to sovereign immunity applies. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137

(Mo. App. 2009) ("Missouri courts have routinely held that sovereign immunity is not an affirmative defense and that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity"); *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487, 491 (Mo. App. 2009) ("[t]he liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies").

The proposed Amended Petition does not contain any allegation that Christian County's sovereign immunity is inapplicable or has been waived. There is, for example, no allegation that Plaintiff's injuries arose out of the negligent operation of a motor vehicle or the result of the dangerous condition of the county's property. Instead, it is alleged Plaintiff's claims arise out of law enforcement investigations performed incorrectly. However, the Missouri Supreme Court has previously held this type of activity falls within the protections afforded by the sovereign immunity statute. *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 371 (Mo. banc 2016) ("The operation of a police department is a governmental function whereby sovereign immunity attaches to the municipality"). *See also Carmelo v. Miller*, 569 S.W.2d 365, 368 (Mo. App. 1978) ("[t]he operation and maintenance of a police force for the City of St. Louis is a governmental function"); *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo. App. 1983) ("sovereign immunity attaches to the operation and maintenance of a police force"). Because no exception to sovereign immunity has been alleged in the proposed Amended Petition, a viable claim to relief against Christian County on the common law theories has not been alleged.

This Court came to this same conclusion earlier in this case. Christian County filed a Motion for Summary Judgment in which it argued Plaintiff's common law theories of recovery

were barred by sovereign immunity. This Court agreed and granted the summary judgment motion on September 1, 2021. Plaintiff's proposed Amended Petition contains no allegation of fact which would change this Court's earlier conclusion.

### FUTILITY IS REASON TO DENY A MOTION FOR LEAVE TO AMEND

"Although leave to amend should be freely granted, a court rightly refuses such a request if the requested amendment would not cure the deficiency." *Atkins v. Jester*, 309 S.W.3d 418, 425-26 (Mo. App. 2010) quoting *Asmus v. Capitol Region Family Practice*, 115 S.W.3d 427, 433 (Mo. App. 2003). Because the proposed Amended Petition does not plead any new facts to overcome Christian County's sovereign immunity, the inclusion of the common law claims (Counts I, II, VI and VII) are futile. "In these circumstances, where an amendment would be futile, the circuit court [does] not abuse its discretion in denying [plaintiff's] leave to amend." *Spencer v. State*, 334 S.W.3d 559, 573-74 (Mo. App. 2010).

Accordingly, it is respectfully submitted Plaintiff should not be granted leave to amend his Petition to assert common law theories of recovery against Christian County.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ David S. Baker
David S. Baker                              #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757; Fax: (913) 339-6187
DBaker@fpsslaw.com
*Attorneys for Defendants Christian County, Missouri, Loe, Hill and Guinn*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2022, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

C. Brandon Stafford
Brandon Stafford Law, LLC
202 E. Elm Street, Suite A
Ozark, MO 65721
*Attorneys for Plaintiff*

Christopher L. Heigele
Baty Otto Coronado Scheer, PC
4435 Main Street, Suite 1100
Kansas City, MO 64111
*Attorneys for Defendants City of Clever, Missouri, and Whisnant*

    /s/ David S. Baker
DAVID S. BAKER

Electronically Filed - Christian - April 27, 2022 - 05:25 PM

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,          )
                         )
          Plaintiff,     )
    v.                   )          Case No. 20CT-CC00211
                         )
CITY OF CLEVER, MISSOURI, et al.  )
                         )
          Defendants.    )

## ALTERNATIVE MOTION FOR LEAVE TO FILE AMENDED PETITION

COMES NOW Plaintiff, by and through counsel, and moves the court to grant him leave to file an amended petition in this case for the reasons that:

1. Leave to amend a petition shall be given freely when justice so requires. Rule 55.33.

2. Plaintiff desires to amend and supplement his petition to add allegations and counts that have been discovered or have come to light and are appropriate to add under the circumstances.

3. Plaintiff's proposed amended petition, a copy of which is attached hereto as Exhibit 1-A and is incorporated herein by reference, also cleans up the pleadings by omitting dismissed parties and claims (in original Count III), and naming a previously unknown defendant, to better reflect the current status of the case.

4. In the event the court disallows the first proposed amended petition, Plaintiff alternatively requests that he be allowed to file Exhibit 1-A as his amended petition because it resolves the issues Christian County complains of in its suggestions in opposition.

5. For the reasons stated herein, it would be most fair and just if Plaintiff were able to file his amended petition.

WHEREFORE, Plaintiff prays the court to grant him leave to file his amended petition and for such other and further relief as the court shall deem just and proper.

BRANDON STAFFORD LAW, LLC

By /s/ Brandon Stafford
      C. Brandon Stafford
      MO BAR # 60211

BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
(417) 485-4545; FAX (417) 485-4546
Email: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>
I hereby certify a true copy of this document is being filed as required through the electronic filing system so that all registered attorneys of record are served and notified, on April 27, 2022.

By /s/ Brandon Stafford

IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

KEITH L. TRIPP,                              )
                                             )
                    Plaintiff,               )
         v.                                  )
                                             )
CHRISTIAN COUNTY, MISSOURI,                  )
                                             )
CITY OF CLEVER, MISSOURI,                    )     Case No. 20CT-CC00211
                                             )
DAVID LOE,                                   )
                                             )
RICK HILL,                                   )
                                             )
TREVOR GUINN,                                )
                                             )
DARREN WHISNANT,                             )
                                             )
KAINON BOULDIN (formerly John                )
Doe),                                        )
JOHN DOE 2, JOHN DOE 3 and                   )
JOHN DOE 4,                                  )
                                             )
                    Defendants.              )

## AMENDED PETITION

COMES NOW Plaintiff Keith L. Tripp ("Tripp"), by and through counsel, and for

his claims against Defendants Christian County, Missouri, City of Clever, Missouri,

David Loe, Rick Hill, Trevor Guinn, Darren Whisnant, Kainon Bouldin, John Doe 2,

John Doe 3 and John Doe 4, states as follows:

## GENERAL ALLEGATIONS

1. Tripp is an individual, a U.S. citizen, and a resident of Clever, Christian County,

Missouri.

**EXHIBIT 1-A**

2. Defendant Christian County, Missouri ("Christian County") is a county and political subdivision of the State of Missouri.

3. The Christian County Sheriff's Department ("CCSD") is a political subdivision of Christian County and of the State of Missouri.

4. Defendant City of Clever, Missouri ("Clever") is a municipality located in Christian County, Missouri at 304 S. Clarke Ave., Clever, MO, and had a police department at times relevant.

5. Defendant David Loe ("Loe") is an individual and was an employee and detective with the CCSD at all times relevant herein.

6. Defendant Rick Hill ("Hill") is an individual and was an employee and detective with the CCSD at all times relevant herein.

7. Defendant Trevor Guinn ("Guinn") is an individual and was an employee and deputy with the CCSD at all times relevant herein.

8. At all times relevant herein, Loe, Hill and Guinn were employees and officers with the CCSD and Christian County and acted while in the scope of their employment, agency or servitude with the CCSD and Christian County.

9. Defendant Darren Whisnant ("Whisnant") is an individual and was the chief of Clever's police department at all times relevant.

10. Defendants Kainon Bouldin ("Bouldin", previously named as John Doe) and John Doe 2 are individuals and were employees and officers with Clever's police department at all times relevant.

11. John Doe 3 and John Doe 4 are individuals and were employees and deputies

2

with Christian County Sheriff's department and acted while in the scope of their employment, agency or servitude with Christian County at all times relevant.

12. At all times relevant herein, Whisnant, Bouldin and John Doe 2 were police officers with Clever's police department and acted while in the scope of their employment, agency or servitude with Clever.

13. The acts and conduct complained of herein occurred in Christian County, Missouri.

14. Tripp requests a jury trial on all counts and claims contained herein.

## COUNT I

### FALSE ARREST AND FALSE IMPRISONMENT
### AS TO FALSE CHILD ENDANGERMENT CHARGES

For Tripp's claim for damages and relief against Defendants Clever, Loe, Hill, Guinn and Whisnant for false arrest, detainment and imprisonment, he states that:

15. He restates and re-avers each and every fact and allegation contained in paragraphs 1 through 14 above as if fully stated herein.

16. Loe, Hill, Guinn and Whisnant worked jointly, in concert and together on an incident involving the death of an infant, E.H., who died of sudden infant death syndrome (SIDS) on or about January 21, 2018 in Clever, Christian County, Missouri (referred to at times herein as the "incident" or "SIDS incident").

17. The mother of E.H. was Tripp's niece, Amber Weeks ("Amber").

18. Amber is also the mother of two other children, A.C. and N.H.

19. Tripp's claims as to this count arise as a result of his false arrest and detention,

3

and false imprisonment and prosecution arising out of the SIDS incident.

20. Based on information provided by Loe, Hill, Guinn and Whisnant, Tripp was falsely charged with three counts of the felony of endangering the welfare of child ("the charges") as to each of the following children: E.H., A.C. and N.H. ("the children"), in Christian County Case No. 18CT-CR01828.

21. The charges falsely alleged that Tripp acted in a manner that created a substantial risk to the body and health of the children by maintaining the residence in which he lived with the children, to be unsafe and unsanitary.

22. Tripp did not live with the children and did not live at or stay overnight at the children's residence.

23. Tripp had no duty to maintain that residence.

24. After he heard of E.H.'s death, Tripp went to the children's residence, where Amber Weeks and Dawn Williams, Tripp's sister, also lived.

25. In his incident report form, Guinn wrote that he spoke to Tripp at the scene and that Tripp did not live there.

26. Guinn arrived at the scene of the SIDS incident before Loe, Hill or Whisnant, the chief of the Clever police department, who directed and instructed others upon his arrival, and the officers detained Tripp there.

27. Loe spoke with and worked with Guinn at the scene of the SIDS incident.

28. Loe submitted a probable cause statement to support the charges filed against Tripp.

29. Hill worked with Loe to get the main case file prepared, which was used to

4

prosecute Tripp.

30. In his incident report, Hill wrote that E.H. had been taken to medical providers on multiple occasions after her birth until her death about three weeks later, for breathing problems and other conditions.

31. Hill as well as the other Defendants knew or should have known of E.H.'s pre-existing medical conditions.

32. Dawn Williams is Amber Weeks' mother and lived at the residence where E.H. died ("the residence").

33. Gary Petree ("Petree") was Dawn Williams' boyfriend at the time of the incident.

34. As shown in his report, Hill interviewed Petree after the incident, and Hill confirmed that Petree was at the residence the night before the incident, stayed at the residence through the night after Dawn had come home, stayed at the residence the night of the incident and was at the residence when E.H. died.

35. Tripp was not at the residence the night before the incident through the time E.H. died.

36. No criminal charges were ever filed against Petree regarding the incident.

37. Amber Weeks was drug tested just after the incident and tested negative for drugs.

38. There is no known specific causal connection between the death of E.H. and the condition of the residence that is related to Tripp.

39. In fact, there is no known specific causal connection between the death of E.H.

5

and the condition of the residence at all.

40. There is no known specific causal connection between any illness or condition of the body and health of A.C. or N.H. and the condition of the residence that is related to Tripp.

41. In fact, there is no known specific causal connection between any illness or condition of the body and health of A.C. or N.H. and the condition of the residence at all.

42. No probable cause existed to support any allegation that Tripp endangered the welfare of any of the children.

43. Nevertheless, the charges against Tripp were prosecuted from July 20, 2018 to April 29, 2020 before the charges and case against Tripp were finally dismissed.

44. Loe, Hill, Guinn, Whisnant and Clever knew or should have known that there was no probable cause to believe that Tripp committed the crimes alleged in the charges.

45. Loe, Hill, Guinn, Whisnant and Clever submitted information to the prosecuting attorney to support the charges against Tripp which such Defendants knew or reasonably should have known was false; or, they did not know whether it was true or false.

46. Loe, Hill, Guinn, Whisnant and Clever encouraged, promoted or instigated the false arrest and imprisonment of Tripp against his will.

47. Loe, Hill, Guinn, Whisnant and Clever unlawfully and falsely prosecuted the charges against Tripp for endangering the welfare of the children, which are offenses Tripp did not commit.

48. Tripp was unlawfully, falsely and involuntarily detained, arrested and

Electronically Filed - Christian - April 27, 2022 - 05:25 PM

imprisoned for a substantial length of time against his will as a result of the conduct of the defendants named in this Count I and the false charges of endangering the welfare of the children, offenses he did not commit, before the charges were finally dismissed.

49. Tripp has sustained damages in excess of $25,000 as a matter of course and as a natural and probable consequence of Defendants' conduct as stated above, including but not limited to the unlawful arrest, unlawful incarceration, loss of time, lost wages in excess of $35,000, embarrassment, anguish, frustration and attorney's fees of not less than $25,000 to date.

50. Defendants' conduct as stated herein was so outrageous because of its evil motive or reckless indifference to the rights of Tripp and others so as to entitle Tripp to punitive damages pursuant to law.

WHEREFORE, Plaintiff prays for judgment against Defendants Loe, Hill, Guinn, Whisnant and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

## COUNT II

## MALICIOUS PROSECUTION AS TO FALSE CHILD ENDANGERMENT CHARGES

For Tripp's claim for damages against Defendants Loe, Hill, Guinn, Whisnant and Clever for malicious prosecution, he states as follows:

51. He restates and re-avers each and every fact and allegation contained in paragraphs 1 through 50 above as if fully stated herein.

52. Loe, Hill, Guinn, Whisnant, Christian County and Clever encouraged,

commenced and instigated a prosecution of the charges against Tripp.

53. The termination of that prosecution was in favor of Tripp.

54. Loe, Hill, Guinn, Whisnant, Christian County and Clever had no probable cause for that prosecution and there was no such probable cause.

55. Clever had unlawfully harassed, stopped, seized, detained, cited and maliciously prosecuted Tripp in the past.

56. Loe, Hill, Guinn, Whisnant, Christian County and Clever worked together jointly and in concert on the incident and were motivated by malice in commencing the prosecution against Tripp, which ultimately failed.

57. Tripp has sustained damages as a matter of course and as a natural and probable consequence of said Defendants' conduct in prosecuting the charges that resulted in dismissal, and such damages include but are not limited to unlawful arrest, unlawful incarceration, loss of time, lost wages in excess of $35,000, embarrassment, anguish, frustration and attorney's fees of not less than $25,000 to date.

58. Defendants' conduct in pursuing the failed prosecution maliciously as stated herein was so outrageous because of its evil motive or reckless indifference to the rights of Tripp and others so as to entitle Tripp to punitive damages pursuant to law.

WHEREFORE, Plaintiff prays for judgment against Defendants Loe, Hill, Guinn, Whisnant and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

8

## COUNT III

### FALSE ARREST - FALSE SPEEDING TICKET

For Tripp's claim for damages against Defendant Kainon Bouldin and Clever for false and unlawful arrest, detainment and search and seizure, he states as follows:

59. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 4, 10, 12, 13 and 14 above as if fully stated herein.

60. Tripp was unlawfully stopped, detained and restrained against his will by Bouldin, a Clever police officer, for allegedly speeding on or about November 30, 2019.

61. Tripp was not speeding prior to being stopped.

62. Bouldin had no probable cause to believe Tripp was speeding or otherwise committing a crime, and the stop was unlawful.

63. Bouldin then issued Tripp ticket number 170385969 ("the ticket") for speeding.

64. Tripp appeared in the Clever Municipal Court on the ticket.

65. The ticket was dismissed by the Clever Municipal Court on March 5, 2020.

66. Tripp has sustained damages as a matter of course and as a natural and probable consequence of the conduct of Clever and its officer in pulling Tripp over and detaining him, against his will, without probable cause, including but not limited to loss of time, embarrassment, anguish, frustration and attorney's fees regarding the matter.

67. Defendants' conduct as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Tripp and others so as to entitle Tripp to punitive damages pursuant to law.

9

WHEREFORE, Plaintiff prays for judgment against Defendants Bouldin and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

## COUNT IV

### MALICIOUS PROSECUTION AS TO FALSE SPEEDING TICKET

For Tripp's claim for damages against Defendants Bouldin and Clever, for malicious prosecution, he states as follows:

68. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 4, 10, 12, 13, 14 and 59 through 67 above as if fully stated herein.

69. Bouldin and Clever encouraged, commenced and instigated a prosecution of the ticket against Tripp.

70. The termination of that prosecution was in favor of Tripp.

71. Bouldin and Clever had no probable cause for that prosecution.

72. Clever had unlawfully harassed, stopped, seized, detained, cited and maliciously prosecuted Tripp in the past.

73. Bouldin and Clever worked together jointly and in concert regarding the ticket and were motivated by malice in issuing the ticket and commencing the prosecution of Tripp.

74. Tripp has sustained damages as a matter of course and as a natural and probable consequence of said Defendants' conduct in prosecuting the charges that resulted in dismissal, and such damages include but are not limited to unlawful stop,

10

arrest, seizure and detention, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

75. Defendants' conduct in pursuing the failed prosecution maliciously as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Tripp and others so as to entitle Tripp to punitive damages pursuant to law.

WHEREFORE, Plaintiff prays for judgment against Defendants Bouldin and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

## COUNT V

### FALSE AND UNLAWFUL ARREST, DETAINMENT AND SEARCH AND SEIZURE AFTER VEHICLE STOP FOR NO REASON – CLEVER, APRIL 2021

For Tripp's claim for damages against Defendants John Doe 2 and Clever for false and unlawful arrest, detainment and search and seizure, he states as follows:

76. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 4, 10, 12, 13 and 14 above as if fully stated herein.

77. Tripp was unlawfully stopped in Clever in approximately April of 2021 by a Clever police officer, John Doe 2, for allegedly speeding, but Tripp was not speeding.

78. Tripp was not ticketed for speeding but was ticketed for no insurance, which was dismissed.

79. Tripp was unlawfully stopped for alleged "speeding" for no reason, against his will, with no probable cause and no reasonable suspicion that he had committed a crime.

11

80. Tripp has sustained damages as a matter of course and as a natural and probable consequence of Defendants' conduct as stated above, including but not limited to the unlawful stop, seizure, arrest and detention against his will, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

81. Defendants' conduct as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against John Doe 2 and Clever in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

## COUNT VI

## FALSE ARREST AFTER NEIGHBOR FIRED GUNSHOTS

For Tripp's claim for damages against Defendant John Doe 3 for false and unlawful arrest, detainment and search and seizure, he states as follows:

82. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 2, 3, 4, 11, 13 and 14 above as if fully stated herein.

83. Tripp was unlawfully stopped, searched, seized, detained and arrested against his will in Clever by one or more Christian County deputies (John Doe 3) in approximately January of 2022 after gunshots were fired by Tripp's neighbor.

84. The gunshots were fired by Tripp's neighbor and not Tripp, and said deputies had no probable cause to arrest Tripp or to believe Tripp had committed a crime.

85. Tripp has sustained damages as a matter of course and as a natural and probable consequence of Defendant's conduct as stated above, including but not limited to the unlawful stop, seizure, arrest and detention, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

86. Defendants' conduct as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Keith and others so as to entitle Keith to punitive damages.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against John Doe 3 in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

## COUNT VII

### FALSE ARREST – FOLLOW, STOP AND ARREST FOR NO REASON

For Tripp's claim for damages against Defendant John Doe 4 for false and unlawful arrest, detainment and search and seizure, he states as follows:

87. He restates and re-avers each and every fact and allegation contained in paragraphs 1, 2, 3, 4, 11, 13 and 14 above as if fully stated herein.

88. After leaving a Casey's store in Clever in approximately September of 2019, Tripp was followed, stopped, searched, seized, detained and arrested against his will for no reason, and without probable cause to believe Tripp had committed a crime, by one or more Christian County deputies (John Doe 4).

89. Tripp has sustained damages as a matter of course and as a natural and

13

probable consequence of Defendants' conduct as stated above, including but not limited to the unlawful stop, seizure, arrest and detention, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

90. Defendants' conduct as stated herein was so was outrageous because of its evil motive or reckless indifference to the rights of Tripp and others so as to entitle Tripp to punitive damages.

WHEREFORE, Plaintiff Keith L. Tripp prays for judgment against John Doe 4 in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

## **COUNT VIII**

### CIVIL RIGHTS VIOLATIONS

For Tripp's claim for damages against all Defendants for violating his civil rights, pursuant to law including 42 U.S.C. §1983, he states that:

91. He restates and re-avers each and every fact and allegation contained in each and every count above as if fully incorporated herein.

92. Defendants acted under color of law at all times relevant herein.

93. Tripp, a U.S. citizen, has been deprived of his constitutional rights, including but not limited to his Fourth Amendment right to be free from unlawful searches and seizures, based on the conduct of Defendants as stated above.

94. It is the policy and practice of Clever and Christian County to unlawfully follow, stop, search, seize, restrain, detain and/or arrest citizens including Tripp without

14

probable cause.

95. Tripp has sustained damages as a matter of course and as a natural and probable consequence of Defendants' conduct as stated above, including but not limited to the unlawful stop, seizure, arrest and detention, loss of time, embarrassment, anguish, frustration and attorney's fees incurred regarding the matter.

96. Defendants' conduct in violating the civil rights of Tripp as stated herein was so outrageous because of its evil motive or reckless indifference to the rights of Tripp and others so as to entitle Tripp to punitive damages pursuant to law.

WHEREFORE, Plaintiff prays for judgment against all Defendants in an amount in excess of $25,000.00, for reasonable attorney fees, post-judgment interest at the legal rate, by law, for costs of suit, for punitive damages and for such other and further relief as the Court shall deem just and proper.

BRANDON STAFFORD LAW, LLC

By /s/ Brandon Stafford
    C. Brandon Stafford
    MO BAR # 60211

BRANDON STAFFORD LAW, LLC
202 E. Elm St., Suite A
Ozark, MO 65721
(417) 485-4545; FAX (417) 485-4546
Email: brandonstaffordlaw@sbcglobal.net
Attorney for Plaintiff

15